402 So.2d 38 (1981)
Devard B. BURNEY, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1502.
District Court of Appeal of Florida, Second District.
July 31, 1981.
Jerry Hill, Public Defender, Bartow and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
CAMPBELL, Judge.
Devard B. Burney appeals his conviction and sentence for possession of a firearm by a convicted felon on several grounds. We feel that none of the grounds are meritorious and affirm. In doing so, however, we fell we should comment on the issue raised by the appellant concerning the trial court's refusal to give the appellant's requested instruction on attempted possession of a firearm by a convicted felon. The appellant preserved the issue by properly objecting to the court's failure to give the requested instruction.
This court has recognized that there does exist the crime of attempted possession of a firearm by a convicted felon. Porter v. State, 363 So.2d 41 (Fla.2d DCA 1978). Ordinarily, we would be required to reverse for failure to give the required instruction. Lomax v. State, 345 So.2d 719 (Fla. 1977); State v. Terry, 336 So.2d 65 (Fla. 1976). Those cases speak in terms of requiring lesser included instructions even when the trial court believes the evidence adduced was not reasonably susceptible to an inference by the jury which would support the lesser included offense. In the case for review here, there was no evidence at all that would support the lesser offense of attempted possession. Regardless, were it not for the new standard jury instructions, effective July 1, 1981, we would still be forced to reverse. In the Matter of the Use by Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, Nos. 56,734 and 58,799 (Fla. Apr. 16, 1981). The Florida Supreme Court indicated that a charge of a lesser included offense is not required when not supported by the evidence at trial. Id., slip op. at 4-6. *39 The new standard jury instructions would control in any retrial of the appellant's case if we reversed. Therefore, on a retrial appellant would not be entitled to the instruction on attempted possession. We are not required to do a useless act nor are we required to act if it is impossible for us to grant effectual relief. Since no practical result can be attained by ordering a retrial on the failure to give the charge of attempted possession of a firearm by a convicted felon, we affirm. See In re Estate of Lindsay, 207 So.2d 736 (Fla. 4th DCA 1968).
BOARDMAN, A.C.J., and RYDER, J., concur.