GLICKSTEIN, Judge.
Appellant was charged with and convicted of robbery. The trial judge refused to instruct the jury on attempted robbery but did instruct upon robbery, grand theft and petty theft. We reverse.
It is our opinion that at the time the case was tried in January of 1981, the failure to instruct on attempted robbery was reversible error. We acknowledge that our opinion directly conflicts with the decision of the Second District Court of Appeal in Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981), which refused to reverse a conviction in a similar situation. In Burney the court recognized that the standard jury instructions in criminal cases were being changed by not requiring an instruction on attempt in a case in which the only evidence proved a completed offense. It concluded that on retrial the defendant would not be entitled to the instruction on attempt, there being no evidence thereof, and that the reviewing court was not required to do a useless act, nor to act when impossible to grant effectual relief. The court did acknowledge, however, that but for the change in the instruction, it would be required to reverse.
We believe the principles which our sister court applied should not govern and we note that the supreme court in In re the Use by Trial Courts of the Standard Jury Instructions in Criminal Cases & the Standard Jury Instructions in Misdemeanor Cases, Nos. 56,734 & 58,799 (Fla. June 5, 1981), said:
Until July 1,1981, trial judges are directed to continue to follow the requirements of Brown and present rules 3.510 and 3.490.
Of course, “Brown” refers to Brown v. State, 206 So.2d 377 (Fla.1968), which held that if the trial court determines as a matter of law that an attempt to commit the crime charged would itself constitute an offense, it must instruct on the subject of such attempt. Florida Rule of Criminal Procedure 3.510, as it read when appellant was tried, said:
Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense, or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.
The conclusion we reach gains support from recent decisions rendered by the supreme court shortly before or immediately after appellant was tried. For example, in State v. Thomas, 362 So.2d 1348, 1349-50 (Fla.1978), the court said:
This court held in Lomax v. State, 345 So.2d 719 (Fla.1977), that generally it is reversible error for a trial court to refuse to grant a defense request for an instruction on the lesser included offense of attempt. In Lomax, this court recognized that it is the jury’s prerogative to resolve questions of fact as to the degree of offense committed. The authority of a jury includes its ability to find a defend *613 ant guilty of the lesser included offense even where the evidence might warrant a verdict of guilt on the greater offense charged. The trial court should not usurp the jury’s role by failing to give instructions on lesser included offenses.
See also Reddick v. State, 394 So.2d 417 (Fla.1981); State v. Abreau, 363 So.2d 1063 (Fla.1978); State v. Terry, 336 So.2d 65 (Fla.1976).[1]
The facts in the present case, as in Burney, clearly would not entitle appellant to his requested instruction on retrial. In accordance with In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla.1981), as of October 1,1981, Florida Rule of Criminal Procedure 3.510(a) provides that the jury shall not be instructed on attempt when the only evidence proves a completed offense.[2] But this rule did not govern in January of 1981, when appellant was tried; nor was it the law, as evinced by the foregoing decisions. Accordingly, we decline to follow Burney, and we reverse and remand for a new trial. Because a new trial is necessary, we point out for the benefit of the trial court that appellant’s second point on appeal is meritless.
OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concurs.
HERSEY, J., dissents with opinion.

. We believe the supreme court’s decisions in Thomas, Abreau, and Terry overruled our decision in State v. Diggs, 336 So.2d 446 (Fla. 4th DCA 1976) (we held it was harmless error not to instruct on attempted robbery when defendants were charged with and convicted of robbery), and negated the following language in Garrison v. State, 340 So.2d 1171, 1173 (Fla. 4th DCA 1976):
[i]f the jury is given the opportunity of convicting the defendant of a lesser included offense which is greater than or at least equal in punishment to the attempt, failure to instruct on attempt may be harmless error.

. Florida Rule of Criminal Procedure 3.510(a) now provides:
Upon an indictment or information upon which the defendant is to be tried for any offense the jury may convict the defendant of:
an attempt to commit such offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support such attempt and the only evidence proves a completed offense.