445 So.2d 322 (1983)
STATE of Florida, Petitioner,
v.
Robert E. STRASSER, Respondent.
No. 62665.
Supreme Court of Florida.
October 13, 1983.
On Rehearing February 9, 1984.
Jim Smith, Atty. Gen., and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Richard B. Greene, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
EHRLICH, Justice.
This cause is before us because the decision of the district court, Strasser v. State, 420 So.2d 611 (Fla. 4th DCA 1982), directly and expressly conflicts with the decision of the Second District Court of Appeal on the same issue, Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the holding in Burney and therefore quash the holding of Strasser.
Strasser was charged with and convicted of robbery in January of 1981 on evidence which supported a conviction of the completed act. The trial judge instructed on robbery, grand theft, and petty theft, but he refused to instruct on attempted robbery. It is not disputed that this refusal was reversible error at that time. In October, 1981, however, new rules of criminal procedure went into effect, In re Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981), which permit the trial court to refuse to instruct on attempt on evidence analogous to that presented in Strasser's case. It is not disputed that these rules would control any new trial Strasser could be granted, thus he would not be entitled to the requested instruction on retrial.
On virtually identical facts, in Burney, the Second District refused to remand for new trial, noting, "We are not required to do a useless act nor are we required to act if it is impossible for us to grant effectual relief." 402 So.2d at 39. We agree. Strasser would gain nothing from a new trial. The only effect would be to increase the pressures on the already overburdened *323 judicial system and, ultimately, on the taxpayer. We will not ignore the substance of justice in a blind adherence to its forms.
Accordingly, the holding of the Second District in Burney is approved and that of the Fourth District in Strasser is quashed.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON and SHAW, JJ., concur.
McDONALD, J., dissents.

ON PETITION FOR REHEARING
EHRLICH, Justice.
Respondent, in its petition for rehearing, points out that we failed to address the second issue raised in its brief, an issue which assumes greater significance in light of our disposition of the first issue.
Respondent points out that at trial the prosecutor elicited from a state witness evidence that Strasser had exercised his right to remain silent. The defense preserved the issue for appeal by timely objection and raised it before the district court. The district court reversed and remanded for new trial on the jury-instruction issue we addressed in our original opinion, and never addressed the issue on which we now focus.
We note that, in the absence of a decision from the district court, procedural formality would suggest that we should remand to the district court for entry of a decision on the issue. However, in light of this Court's decision in State v. Burwick, 442 So.2d 944 (Fla. 1983), such procedural nicety would merely delay the judicial process without benefiting anyone. We therefore remand for new trial on the basis of Burwick.
For the record, we note that we have considered respondent's third point and find it to be without merit.
Thus, the decision of the district court is approved in result only and the cause is remanded for new trial.
It is so ordered.
BOYD, OVERTON, McDONALD and SHAW, JJ., concur.
ALDERMAN, C.J., dissents.