BOOTH, Judge,
dissenting:
I respectfully dissent and would affirm the judgment of conviction below. The victim of the assault and her mother had defendant and his vehicle in their close and plain view for fully five minutes. Immediately after the assault, the victim and her mother were able to give the police the license tag number and to describe defendant, his vehicle, and the dog in the car, a Doberman pinscher dog, which defendant owns. The possibility of the specific identifying factors occurring by coincidence and the identification being in any regard unreliable is so remote as to be without legal effect. On the basis of this excellent victim and witness identification, defendant was taken into-custody. Defendant’s purported alibi in fact was no alibi at all since it allowed him to be on Gaines Street at the time of the offense.
Concerning the inquiry into the circumstances surrounding the pre-trial photographic lineup, the error, if any, is plainly harmless. Defense counsel sought to introduce evidence concerning the photographic lineup and to establish that the victim was unable to pick defendant’s picture, a driver’s license photograph from some years prior to the incident. The trial court ruled that the matter could only be brought up by defendant calling the witnesses and proceeding by direct examination since the matter was outside the scope of the direct. Examination of the record shows that defense counsel did not object to the procedure required by the court. The evidence sought to be introduced was ultimately introduced, and the inability of one of the witnesses to pick out defendant’s photograph was made known to the jury.
The issue on appeal here is not the failure of the trial court to permit evidence pertaining to pretrial identification to be admitted. All evidence on that point was admitted. The issue is the procedure *546 whereby the trial court required defendant to elicit the evidence on direct, rather than on cross-examination. In view of the overwhelming evidence of identification, totally without reference to the photographic lineup, and counsel’s failure to object to the procedure when announced by the court, no sufficient error is shown or preserved which requires remand for a new trial.
As to the alleged sentencing error, the trial court did not err in refusing to charge on attempted aggravated assault since there was no evidence to support such an attempt. In Gillespie v. State, 440 So.2d 8 (Fla. 1st DCA 1983), the court held: “Florida Rule of Criminal Procedure 3.510 was amended in 1981 to provide that a judge shall not instruct the jury on an attempt to commit an offense if there is no evidence to support such an attempt and the only evidence proves a completed offense.” The majority’s reliance on Henderson v. State, 370 So.2d 435 (Fla. 1st DCA 1979), and State v. Bruns, 429 So.2d 307 (Fla.1983), both cases decided under the law prior to the 1981 rule change, is misplaced. Since the offense in this case occurred on April 29, 1982, after the amendment to Rule 3.510(a), Florida Rules of Criminal Procedure, effective on October 1, 1981, defendant was not entitled to a jury instruction on attempted aggravated assault. Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981), expressly approved, State v. Strasser, 445 So.2d 322 (Fla.1984).