467 So.2d 384 (1985)
Jack Steven KOCSIS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-824.
District Court of Appeal of Florida, Fifth District.
March 21, 1985.
Rehearing Denied April 11, 1985.
James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Evelyn D. Golden, and John R. Stump, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
The opinion issued on December 6, 1984 is withdrawn, and this opinion is substituted in its place.
Defendant appeals his conviction on charges of burglary with an assault [section 810.02(3), Florida Statutes (1981)] and sexual battery [section 794.011(5), Florida Statutes (1981)]. Appellant has failed to demonstrate any reversible error with respect to the conviction for burglary, so the judgment of conviction for that offense is affirmed.
*385 Appellant contends that with respect to the conviction for sexual battery, the trial court erred in refusing to instruct the jury on the maximum and minimum penalties as required by Florida Rule of Criminal Procedure 3.390(a).[1]
On the basis of Rule 3.390(a) as it existed at trial, the defendant would have been entitled to a reversal of the conviction for sexual battery because of the refusal of the trial court to so instruct the jury, Tascano v. State, 393 So.2d 540 (Fla. 1980), but for the fact that the rule has been amended and the amended rule would apply on a retrial.
Effective January 1, 1985, Rule 3.390(a), Florida Rules of Criminal Procedure was amended to read as follows:
(a) The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence which may be imposed for the offense for which the accused is on trial. (Emphasis added).
We construe the phrase "shall not instruct the jury on the sentence which may be imposed ..." to be mandatory. Tascano, supra, at 541. We agree with the State's position that if retried, the amended rule would apply and that no effective relief can be granted.
Other courts have been faced with similar problems. In Burney v. State, 402 So.2d 38 (Fla.2d DCA 1981), the issue was whether appellant was entitled to an instruction on an attempt to commit the crime for which he was being tried. The trial court had rejected his request for the instruction because the evidence showed only a completed crime. The district court held that instruction should have been given, and that a reversal would have been in order but for a change in the rules which did not require an instruction on attempts where the evidence showed only a completed crime. The court said:
The new standard jury instructions would control in any retrial of the appellant's case if we reversed. Therefore, on a retrial appellant would not be entitled to the instruction on attempted possession. We are not required to do a useless act nor are we required to act if it is impossible for us to grant effectual relief. Since no practical result can be attained by ordering a retrial on the failure to give the charge of attempted possession of a firearm by a convicted felon, we affirm.
Id. at 39. See also, Boston v. State, 411 So.2d 1345 (Fla. 1st DCA 1982).
The rules of procedure in effect at the time of trial govern the conduct of the trial. Lunsford v. State, 426 So.2d 1178 (Fla. 5th DCA 1983). The amendment to the rule in question is procedural, and does not affect appellant's substantive rights. Cf. State v. Lavazzoli, 434 So.2d 321 (Fla. 1983). Therefore, despite the fact that appellant was entitled to the penalty instruction when he was tried, he would not be entitled to it on a new trial. Since no practical or effectual result can be attained by ordering a retrial merely because of the failure to give the penalty instruction, and because we find no other error in the proceeding, the judgment for sexual battery is also affirmed.
AFFIRMED.
COBB, C.J., and SHARP, J., concur.
NOTES
[1] Rule 3.390(a), Fla.R.Crim.P. was amended effective January 1, 1985. Prior to the amendment, and at the time of trial, the rule provided:

The presiding judge shall charge the jury only upon the law of the case at the conclusion of argument of counsel and upon request of either the State or the defendant the judge shall include in said charge the maximum and minimum sentences which may be imposed, (including probation) for the offense for which the accused has been on trial. (Emphasis added).