HALL, Judge.
Johnny Lee Nathan appeals his judgment and sentences for robbery with a weapon and armed burglary of a dwelling. He raises three points on appeal. We find merit only as to his third contention that the trial court erred in departing from the recommended guidelines sentence by using a checklist in which it checked off impermissible reasons.
- We agree that the majority of the reasons for departure provided by the trial court by way of a checklist are inadequate. However, the two reasons listed as “[e]mo-tional, as well as physical trauma, and parole revocation history” may be valid reasons upon which to justify a departure. Keen v. State, 481 So.2d 1274 (Fla. 5th DCA 1986); Webster v. State, 461 So.2d 965 (Fla. 2d DCA 1984).
Where a departure is based on both valid and invalid reasons, unless the state is able to show beyond a reasonable doubt that the absence of invalid reasons would not have affected the departure sentence, the appellate court must remand the case to the trial court for resentencing. Albritton v. State, 476 So.2d 158 (Fla.1985); State v. Young, 476 So.2d 161 (Fla.1985).
Although the courts have looked with disfavor upon the use of a checklist when stating reasons for departing from the sentencing guidelines, the fact that such a list was used does not compel reversal. Napoles v. State, 463 So.2d 478, 479 (Fla. 1st DCA 1985); Alford v. State, 460 So.2d 1000 (Fla. 1st DCA 1984). But, since this departure is grounded on permissible and impermissible reasons and because the state has not shown beyond a reasonable doubt that the inclusion of invalid reasons would not effect the departure, we reverse and remand for resentencing.
SCHEB, A.C.J., and LEHAN, J., concur.