529 So.2d 366 (1988)
Madelyn D. WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-12.
District Court of Appeal of Florida, Second District.
August 10, 1988.
James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant appeals her revocation of probation and her guidelines departure sentence. We affirm.
Appellant argues that the revocation of her probation was invalid because there was no evidence presented at the revocation hearing to support the reasons for *367 revocation cited in the order. Although the state agrees, we conclude for the following reasons that we need not reverse or remand for correction of the order of probation.
Appellant was originally charged with violation of probation by an affidavit dated July 8, 1985. Her original term of probation would have expired July 8, 1986. However, on July 12, 1985, appellant absconded from her probationary supervision and did not report her whereabouts again until October 21, 1986. We agree with the first district in Ware v. State, 474 So.2d 332 (Fla. 1st DCA 1985), rev. denied, 484 So.2d 10 (Fla. 1986), that when a probationer absconds from supervision, the probationary period is tolled until the probationer is once more placed under probationary supervision. Upon appellant's return to supervision, an amended affidavit for violation of probation was filed on October 27, 1986. That amended affidavit charged appellant with, among other things, an unauthorized change of residence and the commission of an aggravated battery. At the revocation hearing, although the state offered no proof on the first affidavit for violation of probation, there was sufficient evidence to find appellant guilty of the charges contained in the amended affidavit. The resulting order of revocation mistakenly found appellant guilty of the charges contained in the original affidavit for which no proof was offered. Appellant has served the sentence imposed on her as a result of the order of revocation. While we could remand for correction of that order to reflect the violations in fact proved, such would be a useless act inasmuch as appellant has completed her sentence. We are not required to do a useless act. Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981).
Likewise, in sentencing appellant to a departure sentence, it does not appear in the record that the trial judge actually received a sentencing guidelines scoresheet. It does appear that the trial judge was advised as to the proper recommended guidelines sentence and chose to depart. See Davis v. State, 461 So.2d 1361 (Fla. 2d DCA 1985). Under the facts of this case, the absence of the scoresheet is irrelevant and results in no prejudice to appellant. Rowe v. State, 496 So.2d 857 (Fla. 2d DCA 1986). While the trial judge announced at the sentencing hearing proper reasons for imposing a departure sentence[1], a written order of departure containing those reasons was never entered. Since appellant has served her sentence, a remand for the entry of such a written order would also be a useless act. Burney.
Affirmed.
CAMPBELL, C.J., and SCHEB and LEHAN, JJ., concur.
NOTES
[1] Multiple violations of probation. See Adams v. State, 490 So.2d 53 (Fla. 1986); Nathan v. State, 489 So.2d 847 (Fla. 2d DCA 1986).