698 So.2d 284 (1997)
Armando CHAVEZ, Jr., Appellant,
v.
The STATE of Florida, Appellee.
Nos. 96-727, 96-338.
District Court of Appeal of Florida, Third District.
July 2, 1997.
Rehearing Denied September 10, 1997.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Steven Groves, and Doquyen T. Nguyen, Assistant Attorneys General, for appellee.
Before SCHWARTZ, C.J., and NESBITT, JORGENSON, COPE, LEVY, GERSTEN, GODERICH, GREEN, FLETCHER, SHEVIN and SORONDO, JJ.

ON REHEARING EN BANC
GERSTEN, Judge.
Appellant, Armando Chavez, Jr. ("defendant"), appeals his conviction for resisting arrest with violence contending that the trial court erred by allowing voir dire to proceed without determining whether the defendant waived his right to be present during a sidebar conference where peremptory challenges were exercised. We agree and reverse on this ground.[1]
*285 While visiting Key West in 1995, two tourists were robbed after a man jumped out from behind nearby bushes, and stole a black leather back-pack from one of the victims. They chased the man a few blocks until finding a police officer who put out a BOLO for the man.
Two officers responding to the BOLO saw a man matching the description. One of the officer's knew the man by name and asked him to approach the patrol car. The man glanced at the police car, but continued to walk. A moment later, another police officer arrived on the scene with the victims who positively identified the defendant as the robber.
After the identification was made, an officer started running over to the defendant who then fled. The defendant jumped over a fence and momentarily eluded the officer. The officer then saw the defendant in the backyard of a residence and ordered him to the ground. The defendant raised his hands and clenched his fists. The officer unsuccessfully attempted to place an "escort" hold on the defendant, and the two men exchanged punches. The defendant was then arrested.
At trial, counsel for both parties conducted a side-bar discussion for jury selection. The transcript does not reflect whether the defendant was present during the side bar discussion at which jurors were selected and peremptories were exercised.
At the time of trial, the case of Coney v. State, 653 So.2d 1009 (Fla.1995), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), controlled. Coney mandated that a defendant had a right to be physically present at a bench conference to discuss juror challenges. See Coney, 653 So.2d at 1013. If the defendant chose to waive his presence, the trial court had to ask the defendant whether the waiver was knowing, intelligent and voluntary.[2]
Here, the record does not reflect whether the defendant was present at the sidebar conference. Nevertheless, the court or the State needed to establish that all due process requirements had been met. See Coney, 653 So.2d at 1013; Alexander v. State, 575 So.2d 1370 (Fla. 4th DCA 1991). Here, the trial court erred by allowing the jury selection process to proceed without determining whether the defendant knowingly, intelligently and voluntarily waived his right to be present during the sidebar conference pursuant to Coney, 653 So.2d at 1009.
The State argues that had amended Rule 3.180(b) been applied to the original trial, no error would exist in the cases before us, because of the amended rule's more liberal definition of "present." They contend that amended Rule 3.180(b) was satisfied at trial, because the defendant was physically present in the courtroom, and he had a meaningful opportunity to be heard through counsel.
The State concludes that the trial's result on remand would be identical to the first trial, because the court would be required to conduct the second trial exactly as it did *286 during the first trial. Thus, the defendant would not gain any new rights or benefits at a subsequent trial.
However, this does not change the immutable fact that when the case was tried, the defendant's rights were violated under existing law. Because the trial took place before amended Rule 3.180(b) became effective on January 1, 1997, at 12:01 a.m., the defendant is entitled to a new trial under Coney. See Goney v. State, 691 So.2d 1133 (Fla. 5th DCA 1997) (amended Rule 3.180(b) cannot be retroactively applied); Matthews v. State, 687 So.2d 908 (Fla. 4th DCA 1997) (case involving Coney error reversed and remanded for new trial where trial took place before amendment to Rule 3.180 became effective, and appellate ruling was entered after amended rule was effective). Any other interpretation of the rule would result in a retroactive application of the law.
A plain reading of the amended rule, as well as general rules of construction, shows that the Supreme Court of Florida envisioned a prospective application of the amended rule. See Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106 (Fla.1996)(absent express legislative statement to the contrary, enactment affecting substantive rights is presumed to apply prospectively); Seaboard System R.R., Inc. v. Clemente, 467 So.2d 348 (Fla. 3d DCA 1985). In similar situations, a presumption usually exists that provisions added by amendment that affect existing rights are intended to operate prospectively only. See State v. Lavazzoli, 434 So.2d 321 (Fla.1983); People v. Dean, 175 Ill.2d 244, 222 Ill.Dec. 413, 677 N.E.2d 947 (1997)(refusing to retroactively apply constitutional amendment, that if applied would nullify the need for retrial, because defendant would be deprived of substantive right guaranteed to him at time of trial).
Here, during trial, the defendant had a right to stand with his attorney at sidebar to discuss when peremptories should be exercised. The process of exercising peremptories is essential to the fairness of the trial and one of a defendant's most important substantive rights. See Francis v. State, 413 So.2d 1175 (Fla.1982); Gelsey v. State, 565 So.2d 876 (Fla. 5th DCA 1990). Consequently, the defendant also had the right to expressly waive this right under Coney. If the defendant had exercised his right to be present at the sidebar, and directed his attorney in the exercising of peremptory challenges, the outcome of the trial may have been different. See Coney, 653 So.2d at 1009; Lane v. State, 459 So.2d 1145 (Fla. 3d DCA 1984).
In conclusion, clearly under Coney the trial court erred in both cases where the defendant was not present at the sidebar conference and there was no affirmative record showing either that the defendant expressly waived his presence, or that he ratified the peremptory challenges made by his counsel. Therefore, both cases must be reversed and remanded for new trials. See Coney, 653 So.2d at 1009; Wilson v. State, 680 So.2d 592 (Fla. 3d DCA 1996), rev. granted, 689 So.2d 1072 (Fla.1997). Guided by fealty to the Supreme Court of Florida, this Court will not condone retroactive application of the law under these circumstances.
Reversed and remanded for new trials.
SCHWARTZ, C.J., and NESBITT, JORGENSON, GODERICH, GREEN, FLETCHER and SHEVIN, JJ., concur.
SCHWARTZ, Chief Judge (specially concurring).
While, for the reasons set out in Judge Gersten's opinion, I entirely agree that new trials are required, I would go further and hold that, to vindicate the Coney rights to which Chavez was entitled and of which he was erroneously deprived at the first trials, fundamental fairness requires that he be given those rights at the new ones, notwithstanding the intervening change in the rule. People v. Dean, 175 Ill.2d 244, 222 Ill.Dec. 413, 677 N.E.2d 947 (1997)(defendant retained his right to face-to-face confrontation at new trial on remand despite intervening amendment to state constitution that revoked the right); People v. Reddick, 123 Ill.2d 184, 122 Ill.Dec. 1, 526 N.E.2d 141 (1988); see also State v. Agee, 622 So.2d 473 (Fla. 1993)(change in speedy trial rule effective only prospectively). To hold otherwise amounts to an acceptance of the unacceptable *287 conclusion that a defendant may be deprived of a legal right[3] solely because of a judicial error.
Not insignificantly, the conclusion that the new trials should be governed by Coney, just as the old trials certainly should have, completely destroys the rationale of the dissenters that reversal would serve no useful purpose. Considered separately, moreover, the dissenters' position would effectively eradicate the doctrine that precludes retroactive effect to the restriction of defendants' rights. As in this very instance, any court trying a case during a period before an announced rule change takes effect may, with impunity, apply the admittedly in applicable new law on the theory that nothing would be done about it, anyway. Precluding such a result serves more than a "useful purpose," it is required by the interests of justice.
GODERICH, J., concurs.
LEVY, Judge (dissenting).
I respectfully dissent.
Armando Chavez, Jr. ("defendant") appeals his conviction for resisting arrest with violence alleging that the trial court violated his right to be present at a bench conference during voir dire, at which peremptory challenges were being made to prospective jurors, as required by the Florida Supreme Court in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). Since the trial occurred during the period of time in which Coney was the controlling authority, the defendant correctly asserts that the trial court erred in not ensuring that either the defendant was present at the bench conference or that he had waived his right to be present at the conference.
However, subsequent to the defendant's conviction and shortly after oral argument was heard at this court, the Florida Supreme Court amended Rule 3.180(b), Florida Rule of Criminal Procedure, to provide the following:
A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.[4]
In a footnote to this amendment, the court further stated that the amendment superseded its earlier decision in Coney. 685 So.2d at 1255 n. 2. In the normal course of events, we would remand the case under the authority of Coney with instructions to set it for a new trial. However, the timing of the Florida Supreme Court's amendment to Rule 3.180(b), and the resulting nullification of the Coney decision as a consequence of the amendment, leaves this court with a unique set of circumstances to consider.
Under the Florida Supreme Court's decision in Coney, a defendant had a right to be physically present at a bench conference to discuss juror challenges. See Coney, 653 So.2d at 1013. If the defendant chose to waive his right to be present, the trial court was under a duty to ask the defendant whether the waiver was knowing, intelligent and voluntary. Id. In the instant case, the trial court committed a Coney violation when it failed to ensure that the defendant was either physically present at the bench conference where the juror challenges were exercised, or that the defendant had voluntarily waived his right to be present at the bench conference. Under normal circumstances, the commission of this error would warrant reversal of the conviction with instructions to the trial court to set a new trial for the defendant.
However, the Florida Supreme Court's recent amendment to Rule 3.180(b) states that the defendant is present if he has a meaningful opportunity to be heard through counsel *288 regarding the issues being discussed. In the case under review, defense counsel did exercise peremptory challenges on behalf of the defendant during a voir dire bench conference. Thus, the requirement of Rule 3.180(b), as amended, that the defendant be physically present, was satisfied by the facts of the instant case. In other words, a reversal of the conviction in this case would involve remanding the case to the trial court for the purpose of holding a new trial. Since such a new trial would, of necessity, be governed by the above cited amended rule, the trial court, in order to comply with the rule, as amended by the court, would be required to conduct the second trial exactly as it did during the first trial which is the subject of this appeal. Consequently, the defendant would gain no benefit, right, or protection greater than that which was afforded to him in the first trial.
Accordingly, if this case were to be reversed and remanded for a new trial, it would be a gross waste of scarce judicial resources where the trial court's previous actions satisfies the requirements of Rule 3.180(b) as amended by the Florida Supreme Court. Consequently, we are faced with the same dilemma faced by the Second District Court of Appeal in Burney v. State, 402 So.2d 38 (Fla. 2d DCA 1981), and the Florida Supreme Court in State v. Strasser, 445 So.2d 322 (Fla.1983). In the Strasser case, the Florida Supreme Court quoted the following language from the Burney case: "We are not required to do a useless act nor are we required to act if it is impossible for us to grant effectual relief." Thereafter, the Strasser court opined as follows:
Strasser would gain nothing from a new trial. The only effect would be to increase the pressures on the already over-burdened judicial system and, ultimately, on the taxpayer. We will not ignore the substance of justice in a blind adherence to its form.
Naturally, I am fully aware that Rule 3.180(b) was amended after the defendant's trial took place and not effective until January 1, 1997. However, to do anything other than affirm the defendant's conviction in the instant case would be an exercise in futility where the previous actions of the trial court satisfy the proscription of the amended rule regarding the defendant's right to be present, and where the defendant's main point on appeal has been rendered moot by the nullification by the court of its earlier decision in Coney.
Lest there be any misunderstanding, I hasten to add that I am not suggesting that the new Rule be applied retroactively. Rather, pursuant to the applicable case law in this case, it is clear that the new Rule will only be applied to cases tried after the implementation date of the new Rule. Consequently, after a reversal and remand in this case, the defendant will be tried under the new Rule. Accordingly, the trial court would be required, by the case law of this State, to conduct the re-trial in the same manner as it did in the first trial. In other words, the manner in which the first trial was conducted, and about which the defendant herein complains, is exactly the manner in which the trial will be required to be conducted under the new amended Rule.
Accordingly, I would affirm the defendant's conviction under review.
COPE and SORONDO, JJ., concur.
NOTES
[1] In case no. 96-338, the defendant was also convicted of resisting arrest without violence resulting in two additional points of appeal. The defendant contends that it was error to convict on both resisting arrest with violence, and resisting arrest without violence claiming both counts stem from a continuous series of events. We disagree because the offenses were separated by a temporal break in time and place, thus constituting two distinct offenses. See Marion v. State, 674 So.2d 878 (Fla. 3d DCA 1996); Lifred v. State, 643 So.2d 94 (Fla. 4th DCA 1994).

We also disagree with the defendant's claim that the State failed to give sufficient notice under the habitual offender statute. Forty-seven days written notice was more than adequate time to allow defense counsel to prepare a submission on behalf of the defendant. See § 775.084(3)(a)(2), Fla. Stat. (1995). See also Massey v. State, 609 So.2d 598 (Fla.1992); Bradford v. State, 567 So.2d 911 (Fla. 1st DCA 1990), rev. denied, 577 So.2d 1325 (Fla.1991).
[2] Subsequent to the defendant's conviction, and shortly after oral argument was heard before this Court, the Supreme Court of Florida amended Rule 3.180(b), Florida Rule of Criminal Procedure, to provide that:

A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.
Amendments to the Florida Rules of Criminal Procedure; Amendment to Florida Rule of Criminal Procedure 3.190, 685 So.2d 1253 (Fla.1996). In a footnote to this amendment, the court stated that the amendment superseded its earlier decision in Coney. Amendments, 685 So.2d at 1255 n. 2.
[3] For these purposes, it seems irrelevant whether the right is based on the Constitution, an applicable rule, or otherwise. See Dean, 175 Ill.2d at 261, 222 Ill.Dec. at 421, 677 N.E.2d at 955 ("We agree and hold that fundamental fairness requires that the defendant be allowed to confront witnesses face to face at his retrial. This result seems particularly just given that the defendant was deprived of a fundamental constitutional guarantee at his first trial."[e.s.]); Agee, 622 So.2d at 473.
[4] Amendments to the Florida Rules of Criminal Procedure; Amendment to Florida Rule of Criminal Procedure 3.190, 685 So.2d 1253, (Fla.1996).