DELL, Judge.
Eddie J. Williams appeals his conviction of possessing cocaine with intent to sell and trafficking 200 grams or more of cocaine. Only one of the four issues raised by appellant has merit.
Appellant contends that the trial court faded to comply with the dictates of Coney v. State, 653 So.2d 1009 (Fla.), cert. denied,, — U.S. -, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). During voir dire, appellant’s counsel told the judge that appellant waived his right to be present at the exercise of peremptory challenges. However, the trial corut did not certify whether appellant knowingly, intelligently, and voluntarily waived this right. Therefore, based on the authority of Coney, we reverse and remand for a new trial. See Ellis v. State, 696 So.2d 904, (Fla. 4th DCA 1997); Chavez Jr. v. State, 698 So.2d 284 (Fla. 3d DCA 1997); Anderson v. State, 697 So.2d 878, (Fla. 5th DCA 1997). However, because Coney affects a large number of cases, we certify the following question as one of great public importance:
WHETHER THE 1997 AMENDMENT TO FLORIDA RULE OF CRIMINAL PROCEDURE 3.180(b) MAY BE RETROACTIVELY APPLIED?
REVERSED AND REMANDED.
GUNTHER, J., and HENNING, PATTI ENGLANDER, Associate Judge, concur.