HARDING, Chief Justice,
dissenting.
For the reasons stated in my concurring opinion in Carmichael v. State, 715 So.2d 247 (Fla.1998), I dissent because I.believe that Coney violations that occurred within the Coney window can be raised for the first time on appeal or in a motion for new trial.
After establishing that an error occurred, I am unable to conclude that this error was harmless. Unlike Carmichael, the record in this case does not indicate that the defense counsel ever conferred with Ellis before exercising peremptory challenges. Therefore, it is impossible to determine the extent of the prejudice that Ellis suffered. See Brower v. State, 684 So.2d 1378, 1381 (Fla. 4th DCA 1996).
Consequently, I believe that the proper relief in this case is to grant Ellis a new trial. I acknowledge that the new trial will be governed by the 1997 amendment to rule 3.180. See State v. Strasser, 445 So.2d 322, 322 (Fla.1983) (stating that a rule of procedure that has been amended would control any new trial that the defendant could be granted). Thus, one might argue that by applying this amendment to Ellis’s new trial, Ellis will receive no additional rights than he already received at his previous trial. See Strasser, 445 So.2d at 322 (quoting Burney v. State, 402 So.2d 38, 39 (Fla. 2d DCA 1981), which stated, “We are not required to do a useless act nor are we required to act if it is impossible for us to grant effectual relief.”). However, Strasser is distinguishable from the present case. At his new trial, Ellis would receive additional safeguards that he was not afforded in his first trial. At the first trial, it was not clear what was required for a defendant to be considered “present” under rule 3.180. The 1997 amendment to the rule provides a clearer standard — “A defendant is present for the purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through *751 counsel on the issues being discussed.” Fla. R.Crim. P. 3.180(b).
ANSTEAD, J., concurs.