SHAW, Justice.
We have for review Williams v. State, 702 So.2d 512 (Fla. 4th DCA 1997), wherein the district court certified the following question:
Whether the 1997 amendment to Florida Rule of Criminal Procedure 3.180(b) may be retroactively applied.
Williams, 702 So.2d at 513. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We answer in the negative as explained below.
Eddie J. Williams was charged with trafficking in cocaine, possession of cocaine with intent to sell, and driving with a suspended license. Following voir dire, the jury was selected at a bench' conference on April 29, 1996, where several juror challenges were exercised. Although Williams was present in the courtroom during jury selection, he waived his presence at the bench. He was convicted on the trafficking and possession counts, and *636 the district court reversed because the trial court had failed to inquire into whether his waiver was knowing, intelligent, and voluntary pursuant to Coney v. State, 653 So.2d 1009 (Fla.1995). The court certified the above question.
1. Amendment to Rule 3.180 .
The State argues that we should answer the certified question in the affirmative. The State contends that the amendment to Florida Rule of Criminal Procedure 3.180 should be given retroactive application to trump Coney ab initio. We disagree.
We have since addressed this issue in Carmichael v. State, 715 So.2d 247 (Fla.1998). There, we explained that our holding in Coney v. State, 653 So.2d 1009 (Fla.1995), was grounded on Florida Rule of Criminal Procedure 3.180:
The Court in Coney held that under our then-current rules of procedure the defendant had a right to be present at the bench when juror challenges were exercised. Florida Rule of Criminal Procedure 3.180 provided:
(a) Presence of the Defendant. In all prosecutions for crime the defendant shall be present:
[[Image here]]
(4) at the beginning of the trial during the ... challenging ... of the jury.
Coney, 653 So.2d at 1013. The Court gave the rule a literal reading and concluded that “the rule means just what it says: The defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised.”
Carmichael, 715 So.2d at 248. We then noted that Coney has been superseded by an amendment to rule 3.180 and that the amendment applies only to those cases where jury selection took place on or after the effective date of the amendment, January 1,1997:
We have since amended Florida Rule of Criminal Procedure 3.180 to supersede Coney. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996) (“This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995).”). Our ruling in Coney thus is applicable only to those cases falling within a narrow window— i.e., where jury selection took place after April 27, 1995 (the date Coney became final), and before January 1, 1997 (the date the amendment to rule 3.180 became effective). See State v. Mejia, 696 So.2d 339 (Fla.1997); Amendments.
Carmichael, 715 So.2d at 248 n. 1. Accordingly, we answer the certified question in the negative: The amendment to rule 3.180 does not apply to those cases “where jury selection took place ... before January 1, 1997.”
2. Waiver
As noted above, the district court reversed Williams’ convictions because the trial court failed to inquire into whether his waiver of his Coney rights was knowing, intelligent, and voluntary. The State contends that the district court erred. We agree. The Court in Coney stated:
The defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised. Where this is impractical, such as where a bench conference is required, the defendant can waive this right and exercise constructive presence through counsel. In such a case, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary.
Id. at 1013 (citation omitted). We did not intend in Coney to create an ironclad rule requiring that certain magic words be used every time the defendant waives this right regardless of the circumstances.
In the present case, the following discussion transpired at the bench before peremptory challenges were exercised:
MR. BARNETT (defense counsel): For the record, I am sorry, Judge, I should have done this.
*637 Defense Counsel discussed with the client the right to be present during the jury selection process and [the client] waived that right. So we are on the record, we waive that.
THE COURT: Okay, thank you.
We conclude that this discussion meets the requirements for a valid waiver under Coney. Defense counsel affirmatively stated that he personally had discussed with Williams the right to be present at the bench during jury selection and that Williams waived the right. Defense counsel then reaffirmed — for the record — that Williams waived the right. We note that this information was volunteered unilaterally by defense counsel, without prompting by the court.
Under these circumstances, there was no reason for the trial court to pursue the matter further. Defense counsel’s words were unequivocal. The court had no reason to believe that counsel could not be trusted to explain this right accurately to Williams and then represent faithfully to the court Williams’ decision. Had the waiver been ambiguous — i.e., had it been vague or equivocal — further inquiry would have been required under Coney. On the present record, we find that competent substantial evidence supports the trial court’s conclusion that Williams’ waiver was valid.
3. Double Jeopardy
The district court on motion for rehearing rejected Williams’ claim that his convictions for (1) trafficking possession and (2) possession with intent to sell violated double jeopardy principles. This was error. We recently addressed this issue in Johnson v. State, 712 So.2d 380 (Fla.1998), and held:
[W]hen we compare the possession component of the trafficking statute to the companion crime of possession with intent to sell, we find that while the latter offense contains a statutory element not found in the former, i.e., intent to sell, the reverse is not true. “Thus the court exceeded its statutory authority by convicting and sentencing [the defendant] for both of these crimes, which arose out a single criminal episode.” [Paccione v. State, 698 So.2d 252, 254 (Fla. 1997).]
Johnson, 712 So.2d at 381 (footnote omitted). Accordingly, we conclude that the trial court in the present case erred in convicting Williams of both trafficking possession and possession with intent to sell based on the same quantum of cocaine.
4. Conclusion
Based on the foregoing, we answer the certified question in the negative, quash Williams, and remand for proceedings consistent with this opinion.
It is so ordered.
OVERTON, KOGAN and WELLS, JJ., concur.
HARDING, C.J., concurs in result only with an opinion.
PARIENTE, J., concurs in result only.
ANSTEAD, J., dissents.