755 So.2d 660 (1999)
Norma PERDUE, Appellant,
v.
TJ PALM ASSOCIATES, LIMITED and South Florida Water Management District, Appellees.
No. 98-1344.
District Court of Appeal of Florida, Fourth District.
June 16, 1999.
*662 Gregg Goldfarb of Gregg Goldfarb, P.A., Miami, for appellant.
John H. Pelzer, Thomas K. Gallagher and E. Lee Worsham of Ruden, McClosky, Smith, Schuster & Russell, P.A., West Palm Beach, for Appellee-TJ Palm Associates, Limited.
Susan Roeder Martin, West Palm Beach, for Appellee-South Florida Water Management District.
BAKER, MOSES, Jr., Associate Judge.
Appellant, Norma Perdue, appeals a final order of the South Florida Water Management District (hereinafter "District") dismissing her amended petition seeking a formal administrative hearing to challenge two permits issued to T.J. Palm Associates by the District. We have thoroughly reviewed all aspects of the final order and have concluded that the District was well aware of and correctly applied the standards for administrative review of the administrative law judge's order. Accordingly, and for the reasons discussed below, we affirm the final order in all respects.

A. Factual Background
Appellee, T.J. Palm Beach Associates Limited Partnership (hereinafter "T.J."), is the developer of a 466.5 acre mixed use commercial and residential property located in the Village of Wellington, Florida. The project is known as Wellington Commons. T.J. received two Environmental Resource Permits from the District, the first being a conceptual permit and the second, a construction permit. The conceptual permit approved the overall master project design; however, it did not permit or allow any construction. The construction permit authorized actual construction and long-term maintenance for the project. Appellant's challenges to the issuance of these two permits forms the basis for this appeal.
The record reveals the District published the following legal notice in the November 21, 1996, edition of The Palm Beach Post:
Interested persons may comment upon the application or submit a written request for a copy of the staff report containing proposed agency action regarding the application by writing to the South Florida Water Management District, Atten: Regulation Department, P.O. Box 24680, West Palm Beach Florida XXXXX-XXXX. But such comments or request must be received by 5 o'clock p.m. within 20 days from the date of publication. No further public notice will be provided regarding this application. A copy of the staff report must be requested in order to remain advised of further proceedings. Substantially affected persons are entitled to request an administrative hearing regarding the proposed agency action by submitting a written request therefor after reviewing the staff report.
After publication of the aforementioned notice, on January 16, 1997, the District issued the conceptual permit to T.J. for its Wellington Commons project during a regular District Governing Board meeting. The record reflects that appellant attended this particular meeting of the District Governing Board.
The record also reflects that the conceptual permit incorporated by reference a copy of the District's Staff Report dated December 31, 1996. The Staff Report contained a copy of District Form No. 0300 entitled, "Notice of Rights." The Notice of Rights, stated the following inter alia:
Petitions for administrative hearing on the above application must be filed within fourteen (14) days of actual receipt of this Notice of Proposed Agency Action. Failure to file a petition within this time period shall constitute a waiver of any rights such person may have to request an administrative determination (hearing) *663 under section 120.57, Florida Statutes, concerning the subject permit application. Petitions which are not filed in accordance with the above provisions are subject to dismissal.
(emphasis added). The Notice of Rights also contained a paragraph repeating portions of Florida Administrative Code Rule 40E-1.521, specifying the time frame for filing a petition and what an acceptable petition requesting a formal administrative hearing should contain.
On January 21, 1997, appellant went to the District's office and read and copied the conceptual permit file. Ten days later, on January 31, 1997, appellant asked her friend Gail Stern to go to the District's office to file a petition challenging the conceptual permit. However, appellant did not give Stern a written petition to file, as neither she nor Stern had memorialized the petition. The record is clear that no petition of any kind challenging the conceptual permit was filed on January 31, 1997.
In fact, appellant did not file a petition until May 12, 1997, in which she specifically referenced T.J.'s application for the construction permit. The District found appellant's initial petition deficient and dismissed it on May 15, 1997, with leave to amend.
Thereafter, the District issued the construction permit to T.J. on May 15, 1998. The construction permit authorized T.J. to commence site preparation activities such as the partial clearing, demucking and the filling of wetlands and other surface waters. The District had previously considered and conceptually approved these activities in connection with its issuance of the conceptual permit.
On May 29, 1997, appellant filed her Amended Petition. The Amended Petition's only direct reference to the construction permit is a reference to Application No. 970220-6, which is the application for the construction permit. Furthermore, the Amended Petition states in the third paragraph that the application being challenged is for construction of a project described as Wellington Commons. However, the allegations of material fact contained in the Amended Petition only challenged the District's action in issuing the conceptual permit. In short, the Amended Petition alleges that the project would adversely affect water quality and quantity as well as conservation of wildlife, including endangered and/or threatened species. Also, the Amended Petition disputes the project's mitigation offsets, direct environmental impacts and whether the project meets the public interest test.
T.J., on June 10, 1997, filed a Motion in Opposition to the Amended Petition on the grounds that (1) it was untimely if considered to apply to the conceptual permit, which the District had issued on January 16, 1997, and (2) that the Amended Petition contained no disputed issues of material fact which the District had jurisdiction to resolve because all of the issues of material fact alleged in the Amended Petition had already become final agency action with the issuance of the conceptual permit, and thus had already been determined adversely to appellant. Furthermore, T.J. argued that the District was without jurisdiction to relitigate what had already become final agency action.
In her response to T.J.'s Motion in Opposition to the Amended Petition, appellant contended that the Amended Petition should be considered to have been timely filed on January 31, 1997 and accordingly should be sent to the Division of Administrative Hearing for a formal hearing. In support of this position appellant alleged the following in her Response:
(3) Petitioner, ... attempted to file her PETITION to challenge the Conceptual Permit on or around January 31, 1997 by delivering a copy of the petition. (4) Petitioner's efforts to perfect her filing of her Petition were denied by the clerk. The clerk refused to accept the filing of the Petition erroneously claiming that the petition was untimely *664 filed .... [N]otwithstanding the clerk's erroneous understanding of what constitutes timely filing, the clerk exceeded his or her non-discretionary, ministerial powers in refusing to accept the petition.
(5) In effect, Petitioner completed her filing of the petition on January 31, 1997.
Appellant further argued in her Response that the filing and service of her initial Petition was deemed complete upon the District clerk's receipt of the original document. The Response further alleged that Gail Stern, the Petitioner's agent, delivered the petition to the District on January 31, 1997, and the District clerk refused to accept the tender, in violation of District rules.
On June 12, 1997, the District's Governing Board decided to forward the Amended Petition to the Division of Administrative Hearing (hereinafter "DOAH"). Following transmittal of the matter to the DOAH, T.J. filed its Motion to Dismiss and Strike the Amended Petition and for an Award of Costs and Attorney's Fees against appellant.
Moreover, appellant filed a Motion and an Amended Motion for an Order Nunc Pro Tunc to Correct Clerical Mistake seeking in effect to have the Amended Petition's challenge to the conceptual permit treated as if it had been timely filed on January 31, 1997. In her Verified Response filed on July 2, 1997, appellant stated the following:
Petitioner's amended petition sets forth a properly pled challenge to the conceptual permit. Petitioner, relying upon the clerk's action in preventing her agent from filing her original petition to challenge the conceptual permit, waited for another point of entry to file said petition. This point of entry arrived when Respondent South Florida Water Management District issued its construction permit for the aforereferenced conceptual permit.
A three-hour evidentiary administrative hearing was held on August 26, 1997 before the Division of Administrative Hearings. Appellant and Ms. Stern testified on behalf of appellant and Ms. Martin testified on behalf of the District. Following the hearing, the Administrative Law Judge filed with the District a Recommended Order of Dismissal in which she found that Perdue had received actual notice of the conceptual permit on January 21, 1997 and knew that she only had fourteen days, or until February 4, 1997, to file a petition with the District. Despite the allegations in the Amended Petition, the Judge also found that Perdue never attempted to file a petition with the District until May 12, 1997 and that no one at the District caused Perdue or her friend, Gail Stern, to be misled or otherwise confused about her right to file a petition or the deadline for doing so. Further, there was no evidence that the District lulled Perdue into inaction, as she had alleged.
With regard to the issues in the Amended Petition, the Administrative Law Judge determined that they had already been considered by the District in ascertaining whether to issue the conceptual permit, which became final agency action upon issuance on January 16, 1997. Furthermore, although the construction permit was not issued until May 15, 1997, the activities authorized by that permit had already been previously considered when the conceptual permit was issued by the District. As a result, the judge determined that Perdue's challenge to the construction permit was merely a thinly-disguised attempt to challenge the conceptual permit in an untimely manner.
Finally, the judge found Perdue to be less than truthful when she filed a sworn Verified Response to T.J.'s motion which asserted the untimely nature of her claim. Specifically, Perdue incorrectly stated that Stern delivered a copy of a petition to the District's clerk who refused to accept it, when in reality no petition existed as she admitted at the hearing. Thus, Perdue's *665 sworn response contained factual allegations which proved to be false by her own testimony at the evidentiary hearing. After making the above findings the judge concluded that the doctrine of equitable tolling did not apply and that Perdue had knowingly waived her right to challenge the conceptual permit.
Appellant filed exceptions to the Judge's Recommended Order of Dismissal. The District and T.J. filed responses to appellant's exceptions. The District entered its Final Order And Order of Remand on January 15, 1998, which affirmed the issuance of the conceptual permit and denied Perdue's challenge to the construction permit. The District also remanded the case to the State Division of Administrative Hearings to conduct an evidentiary hearing to determine a reasonable amount of attorney's fees.

B. Standard of Review

South Florida Water Management District
It is well settled that an administrative agency may not reject a hearing officer's findings unless it is first determined that the findings were not based on competent, substantial evidence, or that the proceedings on which the findings were based did not comply with the essential requirements of law. See Schrimsher v. School Bd. of Palm Beach County, 694 So.2d 856, 861 (Fla. 4th DCA), rev. denied, 703 So.2d 477 (Fla.1997); Greseth v. Department of Health And Rehabilitative Servs., 573 So.2d 1004, 1006 (Fla. 4th DCA 1991); see also § 120.57(1)(j), Fla. Stat. (Supp.1996). Moreover, the Florida Supreme Court in DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957), explained competent substantial evidence as follows:
Substantial evidence has been described as such evidence as will establish a substantial basis of fact from which the fact at issue can be reasonably inferred. We have stated it to be such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.... We are of the view, however, that the evidence relied upon to sustain the ultimate finding should be sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion reached. To this extent the "substantial" evidence should also be "competent."
(citations omitted). In addition, an "agency's responsibility to determine if substantial evidence supports the hearing officer's conclusions cannot be avoided by merely labeling contrary findings as `conclusions of law.'" Greseth, 573 So.2d at 1006.
More importantly, an administrative agency is not authorized to weigh or reweigh the evidence presented, judge the credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion. See Heifetz v. Department of Bus. Regulation, 475 So.2d 1277, 1281-1282 (Fla. 1st DCA 1985). Additionally, the agency may accept the recommended penalty in a hearing officer's order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order. See § 120.57(1)(j).
Turning to the case at bar, we first find that the District was well aware of and correctly applied the proper standards for administrative review of the Administrative Law Judge's Recommended Order of Dismissal. For example, in its Final Order at pages three and five, the District correctly noted the following:
Petitioner's Exceptions do nothing more than re-argue the facts. As a matter of law, Section 120.57(1)(j), Fla. Stat., prohibits the Governing Board from rejecting or modifying the Administrative Law Judge's Findings of Fact unless we determine from reviewing the entire record that there is no competent, substantial evidence to support the findings. "Competent, substantial evidence" has been defined as "such evidence as is sufficiently relevant and material that a reasonable mind would accept it as adequate to support the conclusion *666 reached." The decision to accept the testimony of one witness over that of another and thereby weigh witness credibility is left to the discretion of the Administrative Law Judge, and cannot be altered absent a complete lack of competent substantial evidence from which the finding could reasonably be inferred.
. . . .
... A review of the hearing transcript indicates that there is competent and substantial evidence to support these findings of fact.
(footnotes omitted)(emphasis in original).
After a careful review of Appellant's arguments in support of her request for reversal, we are unable to discern any real argument to the effect that the findings of the Administrative Law Judge are without competent, substantial evidentiary support.

C. Standard of Review

Appellate Court
Section 120.68, Florida Statutes (Supp. 1996), provides the parameters for our review of the District's action. According to the statute, we must separately address issues of agency procedure, interpretations of law, and determinations of fact. See § 120.68(7).
Moreover, in our review of the District's factual determinations, we are prohibited from substituting our judgment for that of the agency in assessing the weight of the evidence or resolving disputed factual issues. See § 120.68(10). In addition, the District's action may be set aside only after a determination that the agency's findings are not supported by competent substantial evidence in the record. See id.
Furthermore, in our review of the District's interpretations of law and legal conclusions, we are not bound by the District's legal interpretations and may set aside or modify the final order on a finding that the District has erroneously interpreted a provision of law and that a correct interpretation would compel a particular action. See § 120.68(7)(d). Finally, in our review of procedural errors, our inquiry is whether the fairness of the proceedings or the correctness of the agency's action may have been impaired by a material error in procedure or a failure to follow the prescribed procedure. See § 120.68(7)(c).

D. Legal Analysis

Factual Determinations
Appellant contends that the District erred by failing to grant her motion for entry of a nunc pro tunc order to equitably toll the time to file challenge to the conceptual permit. In support of her position, appellant urges that the District misled her, lulled her into inaction, and/or otherwise prevented her from asserting her legal rights. She further contends that the District erred by finding that she waived her right to challenge the conceptual permit again because she was misled, lulled into inaction by the District. We find no such error.
First, the Administrative Law Judge conducted a three-hour evidentiary hearing and thereafter concluded that no one at the District or on behalf of the District caused the petitioner to be misled, misguided, or otherwise confused about her right to file a petition or her deadline for doing so. The administrative judge also found that the District did not lull appellant into inaction; instead, appellant made her own decision to wait to challenge T.J.'s conceptual approval permit until the construction permit was issued. The aforementioned findings are pure findings of fact, nothing more and nothing less.
Second, we cannot reject these findings unless it is first determined that the findings were not based upon competent, substantial evidence, or that the proceedings on which the finding was based did not comply with the essential requirements of law. See § 120.68(7)(c), (10).
Third, upon careful review of the record, we find that competent substantial *667 evidence supports the Administrative Law Judge's findings, and decline appellant's invitation to disturb them. For example, appellant argued below that she attempted to file her Petition to challenge the conceptual permit on or around January 31, 1997, by delivering a copy of the petition to the District's clerk. She argued further that the clerk refused to accept the filing of the petition and erroneously claimed that the petition was untimely filed. The record reveals that on January 31, 1997 no petition existed and no petition was ever offered to the District's clerk.
Appellant next contends that the District erred in concluding that she filed her amended petition challenging the construction permit for an improper purpose. We disagree.
First, the Administrative Law Judge found that the evidence revealed that appellant's initiation of the proceeding by the filing of a challenge to T.J.'s construction permit was a "thinly disguised" attempt to challenge in an untimely manner T.J.'s conceptual approval permit when appellant knew she had knowingly and voluntarily failed to timely challenge that permit. The Administrative Law Judge also found the following in pertinent part:
Further, in response to motions filed by T.J. asserting the untimely nature of Petitioner's challenge, Petitioner pressed on, re-casting the nature of her amended petition and even filing a sworn Verified Response containing factual allegations proven to be false by her own testimony at the evidentiary hearing in this cause. For example, that Verified Petition states under oath that Petitioner received notice on a different date than she testified to and that Stern delivered a copy of a petition to the Clerk of the District who refused to accept it, when no petition ever existed....
(emphases added). The determination of whether a party participated in a section 120.57 hearing for an improper purpose is a pure question of fact, not of law. Accordingly, this finding cannot be disturbed on appeal absent a complete lack of competent substantial evidence to support the finding. Moreover, the District's Governing Board was prohibited from rejecting or modifying this finding unless it determined from reviewing the entire record that there was no competent, substantial evidence to support the finding. We conclude from our review of the record that there was competent, substantial evidence to support this finding of fact.

E. Legal Analysis

Interpretations of Law and Legal Conclusions
Appellant next contends that the District erred in its dismissal of her amended petition challenging the construction permit. We disagree.
First, the Administrative Law Judge's recommendation of dismissal was based upon the following conclusions of fact and of law:
32. Petitioner argues that the deadline for requesting an administrative hearing on T.J.'s conceptual approval permit should be extended by the doctrine of equitable tolling. That doctrine is applicable where a person: (1) has been misled or lulled into inaction; (2) has been prevented from asserting his or her rights in some extraordinary way ... Petitioner argues that she was misled or lulled into inaction and was prevented from asserting her rights in an extraordinary way because she was prevented from filing her petition on January 31, when her friend Stern went to the District to file the petition.
33. Petitioner's assertion is contrary to the facts. First, there was no petition. Second, her friend never attempted to file one. Third, the only person who gave Petitioner misleading information was her friend Stern who told Petitioner it was too late to file. Yet, when Stern told Petitioner it was too late, Petitioner was not misled but rather told Stern she *668 thought it was still timely. Petitioner knew her deadline was February 4 but did nothing to follow up on her friend's failure to follow her directions except to contact the District repeatedly to complain about the rule on how time is computed and about how public notice is given. As a matter of law and as a matter of fact, the doctrine of equitable tolling does not apply in this proceeding.
34. Because Petitioner waived her right to challenge the conceptual approval permit, and because there are no facts which could support the application of the doctrine of equitable tolling as to Petitioner, T.J.'s conceptual approval permit became final agency action and cannot be challenged by Petitioner in this proceeding.
35. Petitioner testified that she has filed a challenge to the construction permit but that her intent is to challenge both permits. Petitioner's Verified Response to Respondent's Motion to Dismiss Petitioner's Amended Petition states repeatedly that her challenge is to the conceptual approval permit. Moreover, the allegations in her amended petition do not include disputed issues of material fact as to the construction permit, only as to the conceptual approval permit. The amended petition fails to allege any controversy requiring an administrative hearing as to the construction permit, and Petitioner has already made two attempts to assert any genuine issue as to material fact as to the construction permit.
36. The amended petition should, therefore, be dismissed as untimely as to the conceptual approval permit and as failing to set forth any genuine issue of material fact as to the construction permit.
(emphasis added).
Second, in our review of the District's interpretations of law and legal conclusions, we are not bound by the District's legal interpretations and may set aside or modify the final order on a finding that the District has erroneously interpreted a provision of law and that a correct interpretation would compel a different result. We find neither to be the case based upon the record before us. Therefore, we must decline appellant's invitation to set aside or modify the District's final order.
Finally we have carefully considered the remainder of the points and arguments raised by appellant and found them to be equally without merit.
AFFIRMED.
GUNTHER and STEVENSON, JJ., concur.