PER CURIAM.
The Edgewater At Waterman Village appeals an administrative order in favor of Stella Youngren, a one-time resident of Edgewater’s nursing home, and an Alzheimer’s disease patient. The order determined that Edgewater did not have the authority to transfer Youngren to another facility. We affirm.
*901 Under federal law, nursing homes accepting payment from Medicaid and Medicare cannot discharge or transfer a resident unless (among other reasons not pertinent here): (1) the transfer is necessary for the resident’s welfare, and the facility can no longer meet the needs of the patient; (2) the safety of other individuals in the facility is endangered; or (3) the health of other individuals in the facility is endangered. In addition, when the facility transfers or discharges a resident, the resident’s clinical record must be documented. Here, the hearing officer determined that those strictures were not met: “The evidence presented did not show sufficient documentation from [Youngren’s] physician and/or by the facility to justify a transfer/discharge for the reasons given by the facility which is a specialized lockdown unit for dementia patients of all security levels.”
On appeal, Edgewater raises several issues. First, Edgewater argues that the hearing officer erred in finding that it could meet Youngren’s needs. Cf. In re Involuntary Discharge or Transfer of J.S. by Ebenezer Hall, 512 N.W.2d 604 (Minn.App.1994). We disagree. Edgewater specializes in patients with dementia. Section 400.0255(15)(b), Florida Statutes (1999), provides that a facility like Edgewater has to prove that its actions are justified by clear and convincing evidence. Since there was no showing that Youngren’s needs would create some extraordinary burden on Edgewater justifying her transfer, it failed to show by clear and convincing evidence that it could not meet those needs.
Edgewater states that because of the erroneous decision regarding Edgewater’s ability to meet Youngren’s heeds, the hearing officer concluded that it was not necessary to rule on whether the Youngren was a danger to the other residents. Edge-water is correct that the alleged danger to other residents is a distinct ground for transfer or discharge, but the order does not suggest that the hearing officer ignored the safety issue.[1] Lastly, Edge-water argues the merits of whether Youn-gren was a danger to the other residents. Because there is evidence to support the hearing officer’s ruling 6n this point, it should not be disturbed on appeal. See Perdue v. TJ Palm Associates, Ltd., 755 So.2d 660, 665 (Fla. 4th DCA 1999) (a hearing officer’s findings must be accepted unless the findings were not based on competent, substantial evidence); See Miami Dade County v. Reyes, 772 So.2d 24 (Fla. 3rd DCA 2000) (the hearing officer is a trier of fact and he or she is privileged to weigh and reject conflicting evidence).[2]
AFFIRMED.
THOMPSON, C.J., SAWAYA and PLEUS, JJ., concur.

. Although the hearing officer did not make a specific finding that Youngren was not a danger to the other residents, the hearing officer did state that the reasons given did not justify the transfer, thus implicitly addressing this ground for transfer and rejecting it, as it was one of the proffered reasons for transfer.

. Edgewater also argued that the hearing officer erred in determining that there was insufficient documentation to justify the transfer. This issue is mooted because of our agreement with the hearing officer that the transfer was improper on substantive grounds.