POLEN, J.
The Appellant, Enrique Bejarano, has timely appealed a final order from the Commissioner of Education, Division of Administrative Hearings. Bejarano challenges the Commissioner’s finding that he failed to comply with their settlement agreement.. The underlying factual predicate is not entirely clear. Apparently the Department of Education (DOE)' and Be-jarano were in some dispute regarding non-compliance by Bejarano which was set for a hearing before an administrative law judge. The administrative law judge entered an order closing Bejarano’s file be *892 cause the two parties reached an agreement which called for, among other things, a psychiatric evaluation within seven days of the signing of the agreement. According to DOE, two months passed without compliance with this psychiatric evaluation requirement. Thereafter, the Commissioner of Education, on the basis of noncompliance, issued a Final Order adopting the administrative law judge’s order. Be-jarano’s case was thus closed without any-further services being provided to him.
Bejarano claims, however, that he was evaluated by a psychiatrist of his choosing. As evidence, Bejarano has provided this court with a large appendix of documents which are beyond the scope of the record on appeal. The DOE argues that Bejara-no failed to comply with this psychiatric evaluation requirement; however, for purposes of effectuating a timely resolution of this matter, the DOE has chosen to concede on appeal that there is a factual dispute as to whether Bejarano complied with this requirement in a satisfactory manner.
“[A]n administrative agency’s action should be sustained on appeal if based upon any acceptable view of the evidence.” Fink v. Fla. Unemployment Appeals Comm’n, 665 So.2d 373, 374 (Fla. 4th DCA 1996). “It is the hearing officer’s function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence.” Heifetz v. Dep’t of Bus. Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985) (citing State Beverage Dep’t v. Er-nal, Inc., 115 So.2d 566 (Fla. 3d DCA 1959)). “While an agency may reject conclusions of law without limitation, neither an administrative agency nor a reviewing court may reject an administrative hearing officer’s findings of fact, as long as those findings are supported by competent, substantial evidence in the record. Maynard v. Fla. Unemployment Appeals Comm’n, 609 So.2d 143, 145 (Fla. 4th DCA 1992).
It appears that the Commissioner of Education adopted the order of the administrative law judge without making a sufficient inquiry into the facts. The DOE has conceded a factual dispute and the suitability of a remand to the Department of Administrative Hearings for an eviden-tiary hearing on this matter. Therefore, we reverse and remand this matter for an evidentiary hearing and all further proceedings which are necessary. See § 120.68(10), Fla. Stat. (2003); Quevedo v. S. Fla. Water Mgmt. Dist., 762 So.2d 982, 987-88 (Fla. 4th DCA 2000); Perdue v. TJ Palm Assocs., Ltd., 755 So.2d 660, 666-67 (Fla. 4th DCA 1999).
REVERSED.
WARNER and HAZÓURI, JJ., concur.