471 So.2d 601 (1985)
Jay S. REESE, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICAL EXAMINERS, Appellee.
No. AZ-211.
District Court of Appeal of Florida, First District.
June 14, 1985.
*602 Stephen Marc Slepin of Slepin, Slepin, Lambert & Waas, Tallahassee, for appellant.
William M. Furlow, Dept. of Professional Regulation, Tallahassee, for appellee.
THOMPSON, Judge.
This is an appeal from a final order of the Board of Medical Examiners (Board) suspending appellant's license to practice medicine and placing him on probation for a period of five years at the conclusion of the suspension. Appellant contends the Board erred in rejecting the hearing officer's findings of fact and conclusions of law. We agree and reverse.
The appellant is a family practitioner who has considerable experience and knowledge in the field of drug and alcohol abuse. He is in private practice but is also the physician for a Tampa alcohol and drug detoxification center and has served as an advisor to several Tampa area drug abuse prevention and rehabilitation programs. In January 1983 appellant was charged by the Department of Professional Regulation (DPR) with 83 counts of violating various provisions of the Medical Practices Act, Chapter 458, Fla. Stat. A former partner with whom appellant had some disagreement was the complainant in the case. Ironically, the allegations of wrongdoing were based primarily on DPR's belief that appellant was over-prescribing highly abusable schedule II drugs such as Dilaudid, Demerol, Percodan, and Quaaludes. Appellant denied the charges and demanded a formal hearing pursuant to § 120.57, Fla. Stat. At the hearing, DPR dropped 62 of the 83 counts but proceeded upon allegations of over-prescribing for some 14 patients, and of malpractice by virtue of the over-prescribing. DPR presented the testimony of two physicians who were accepted as experts. Five physicians testified as experts on behalf of Dr. Reese. The medical testimony was conflicting with the testimony of DPR's experts tending to support the allegations of its administrative complaint. In contrast, all of the experts presented by appellant praised his activities in working with "difficult" patients who had alcohol and drug abuse problems, and they found no violations of the applicable statutes, rules or standards of conduct. The hearing officer found the testimony of appellant's experts to be the more persuasive and found that no deviation from the acceptable level of care, skill and treatment of the patients in question had occurred. He further found that the drugs were prescribed in appropriate quantities and duration, were for medically justifiable purposes, and were not prescribed outside the course of appellant's medical practice. Based on these and other findings of fact set forth in the recommended order and on the conclusions of law contained in the recommended order, the hearing officer recommended that all charges against appellant be dismissed with prejudice.
DPR filed exceptions to many of the findings of fact and conclusions of law set forth by the hearing officer in his recommended order. It requested that the Board enter an order finding that there was clear and convincing evidence to support the detailed findings of fact and conclusions of law submitted by DPR in its proposed recommended order and that the Board impose such penalty as was reasonable under the facts of the case.
*603 The Board accepted most of DPR's exceptions to the hearing officer's findings of fact and conclusions of law. The Board specifically found that there was no competent substantial evidence to support the findings that the patients suffered from legitimate medical problems and that appellant acted prudently and in accordance with the mainstream of medical opinion in his treatment of the patients. The Board also found that there was no competent substantial evidence to support the findings that the drugs prescribed to the patients in question were medically justified and were not inappropriate in quantity or duration prescribed. Finally, the Board found that there was no competent substantial evidence to support the findings that appellant's experts were more persuasive than those of DPR or that the appellant was more "expert" than the other physicians testifying at the hearing with regard to the patients in question. The Board gave no reason for rejecting the hearing officer's findings but instead merely stated a conclusion substituting its opinion for that of the finder of fact.
One of the reasons for the enactment of the Administrative Procedures Act and the establishment of the Division of Administrative Hearings was to furnish impartial fact-finders to hear adversary proceedings in which the substantial interests of a party are determined by an agency and where the proceedings involve a disputed issue of material fact. The findings of fact and conclusions of law made by a hearing officer as a result of a formal hearing cannot be rejected without valid reason. Section 120.57(1)(b)9 provides that an agency may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based on competent substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law. The Board violated this requirement by failing to state with any particularity its basis for finding that the findings of fact of the hearing officer were not supported by competent substantial evidence. Instead, it merely stated its conclusion that the findings were not supported by competent substantial evidence. A review of the record reveals that there is ample competent substantial evidence to support the findings of fact rejected by the Board and that there was no valid basis for the rejection of these findings. The Board was merely substituting its judgment for that of the hearing officer contrary to § 120.57(1)(b)9. See Cenac v. Florida State Board of Accountancy, 399 So.2d 1013 (Fla. 1st DCA 1981).
The order of the Board is reversed and the cause is remanded for the entry of a new order based on the findings of fact and the conclusions of law of the hearing officer.
MILLS and SMITH, JJ., concur.