501 So.2d 59 (1987)
HOWARD JOHNSON COMPANY, Appellant,
v.
Jackie KILPATRICK, Appellee.
No. BH-474.
District Court of Appeal of Florida, First District.
January 13, 1987.
*60 Leo P. Rock, Jr., of Gray, Harris & Robinson, Orlando, for appellant.
John K. Folsom and Danica W. Parker, of Vickers & Muldoon, Tallahassee, for appellee.
ZEHMER, Judge.
Jackie Kilpatrick filed a complaint for discrimination with the Florida Commission on Human Relations pursuant to sections 23.161-.167, Florida Statutes (1981), after she was fired from her job as a waitress for the Howard Johnson Company. She alleged that Howard Johnson's fired her because of her age and her race. Pursuant to section 120.57, Florida Statutes (1983), the Commission assigned the case to the Department of Administrative Hearings (DOAH) for an evidentiary hearing. The hearing officer's recommended order found that although Kilpatrick had not established a prima facie case of race discrimination, she had made out a case of age discrimination; but the hearing officer further concluded, based on the facts found by him, that Howard Johnson's had presented evidence of a legitimate reason for firing Kilpatrick and lack of discriminatory intent sufficient to rebut her case of age discrimination. The Commission declined to adopt the hearing officer's recommended order, and instead concluded that Kilpatrick had established prima facie cases of both age and race discrimination. The Commission then stated that Howard Johnson's had not presented sufficient evidence of a legitimate reason for firing Kilpatrick to rebut her prima facie case. The Commission awarded Kilpatrick reinstatement, back pay, and attorney's fees. We reverse.
Section 120.57(1)(b)9, Florida Statutes (1983), permits an agency to reject a hearing officer's findings of fact only in certain specified circumstances:
The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.
In interpreting this section we have stated:
It is the hearing officer's function to consider all the evidence presented, resolve conflicts, judge credibility of witnesses, draw permissible inferences from the evidence, and reach ultimate findings of fact based on competent, substantial evidence. If, as is often the case, the evidence presented supports two inconsistent findings, it is the hearing officer's role to decide the issue one way or the other. The agency may not reject the hearing officer's finding unless there is no competent, substantial evidence from which the finding could reasonably be inferred. The agency is not authorized to weigh the evidence presented, judge credibility of witnesses, or otherwise interpret the evidence to fit its desired ultimate conclusion.
*61 Heifetz v. Dept. of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985) (citations omitted).
The key disputed issue in this case was the existence of discriminatory intent. Discriminatory intent is a factual issue. School Board of Leon County v. Hargis, 400 So.2d 103 (Fla. 1st DCA 1981). The record in this case contains competent substantial evidence to support the hearing officer's finding of no discriminatory intent. In finding discriminatory intent despite the hearing officer's conclusion that Kilpatrick was fired for legitimate reasons, the Commission impermissibly invaded the fact finding function of the hearing officer. We therefore reverse the appealed order and remand with directions to dismiss the complaint against the appellant.
REVERSED AND REMANDED.
SHIVERS and BARFIELD, JJ., concur.