PER CURIAM.
We reverse the Florida Board of Medicine’s final order denying Dr. J. Enrique Lujan’s application for a Florida medical license and remand the cause to the Florida Board of Medicine with directions to adopt the recommended order of the hearing examiner and grant Dr. Lujan’s application for licensure. We deem an extensive opinion explaining our reasons for reaching this result unnecessary, but suffice it to say that: (1) the Board had no legal or factual basis for rejecting any of the hearing examiner’s findings of facts because these findings were based on substantial, competent evidence, Reese v. Department of Professional Regulation, 471 So.2d 601 (Fla. 1st DCA 1985); Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985); § 120.57(1)(b)(9), Fla.Stat. (1985), and (2) the Board had no legal or factual basis for concluding that Dr. Lujan practiced medicine without a license while working as a teaching fellow at the University of Miami Medical School — the sole basis for rejecting Dr. Lujan’s application — because his practice under this fellowship was entirely authorized by a medical faculty certificate issued by the Board to Dr. Lujan. See § 458.303(1)(i), Fla.Stat. (1985).
We have not overlooked the appellee’s extensive argument that Dr. Lujan was not authorized under the medical faculty certificate to practice medicine in the Sickle Cell Clinic at the University of Miami on the theory that this practice was not done pursuant to his teaching fellowship. We entirely disagree as there was substantial, competent evidence adduced below to support the hearing examiner’s finding that Dr. Lujan’s practice in the various departments of the University of Miami Medical School was done pursuant to his teaching fellowship — and thus was entirely authorized by the Board-issued medical faculty certificate. Moreover, we are unimpressed by the appellee’s argument that Dr. Lujan had no teaching duties in connection with this fellowship inasmuch as the hearing examiner made a finding of fact to the contrary, a finding which the Board of Medicine accepted. Howard Johnson Co. v. Kilpatrick, 501 So.2d 59 (Fla. 1st DCA 1987); Tuveson v. Florida Governor’s Council On Indian Affairs, Inc., 495 So.2d 790, 793 (Fla. 1st DCA 1986), rev. denied, 504 So.2d 767 (Fla.1987); see § 458.303(1)(i), Fla.Stat. (1985).
Reversed and remanded.