591 So.2d 1034 (1991)
Edmund BURKE, Appellant,
v.
HARBOR ESTATES ASSOCIATES, INC. and Department of Environmental Regulation, Appellees.
No. 90-01782.
District Court of Appeal of Florida, First District.
December 26, 1991.
*1035 J.A. Jurgens of Jones, Foster, Johnston & Stubbs, P.A., West Palm Beach, for appellant.
Peter B. Belmont, St. Petersburg, for appellee Harbor Estates Associates, Inc.
Patricia E. Comer, Tallahassee, for appellee Dept. of Environmental Regulation.
Richard Grosso, and Dan Hendrickson, Tallahassee, for Common Cause/Florida, Inc. and Florida Wildlife Federation, Inc., amicus curiae.
BOOTH, Judge.
This cause is before us on appeal from a final order of the Secretary of the Department of Environmental Regulation (DER), rejecting a hearing officer's recommendation that appellant receive an award of attorney fees under Section 120.59(6), Florida Statutes. Appellant argues that DER erred in rejecting the hearing officer's finding that appellee Harbor Estates Associates, Inc. (Harbor Estates) participated in a Section 120.57(1) proceeding for an improper purpose.
The record shows that on January 15, 1988, appellant Edmund Burke, respondent below, filed an application with DER for a permit to construct a permanent, pile-supported, wooden bridge. The bridge, approximately 80 feet long and 10 feet wide, was to connect a mainland peninsula with an island in the south fork of the St. Lucie River in Martin County. Between that date and April 28, 1989, appellant substantially modified the project to satisfy DER concerns as to potential environmental impacts. DER, on April 28, 1989, gave notice of its intent to issue its permit for the bridge.
On May 11, 1989, Harbor Estates, then represented by a member of The Florida Bar, filed its petition for a formal hearing under Section 120.57(1), Florida Statutes, protesting the intent to issue permit. Harbor Estates' attorney thereafter withdrew, and Harbor Estates sought representation by a qualified lay representative of its choosing. By verified motion, Harbor Estates' lay representative alleged that:
She is able to apply concepts relating to the rules of evidence and hearsay, is able to apply and interpret Chapter 120, Florida Statutes, and Title XVII and XVIII, F.A.C., that she is able to identify the issues in the proceeding, that she has knowledge of the statutes and rules at issue in the proceeding, the nature and complexity of the factual and legal issues present in the proceeding, and that she does not practice law but has experience in dealing with the issues sufficient to conduct subject proceeding.
The hearing officer accepted the representative as qualified to represent Harbor Estates.
After the formal hearing, the hearing officer, on April 4, 1990, entered a recommended order granting the issuance of the permit sought by Burke and finding that Harbor Estates had participated in the Section 120.57(1) proceeding for an improper purpose, entitling Burke to an award of attorney fees and costs pursuant to Section 120.59(6), Florida Statutes. The order in pertinent part provided:
6. Petitioner ... submitted no evidence to show facts necessary to sustain the pleadings in the Petition... .
Petitioner offered no expert testimony in support of the pleadings in the Petition... .

*1036 The testimony of fact witnesses called by Petitioner was not material to Petitioner's claims. .. .
7. Petitioner consistently demonstrated a lack of knowledge of the applicable law, the proper scope of the formal hearing, and the distinction between argument and evidence. Petitioner repeatedly attempted to establish violations of laws not relevant to the proceeding... . Petitioner attempted to establish issues by arguing with witnesses during direct and cross-examination, and by repeatedly making unsworn ore tenus representations of fact.
8. There was a complete absence of justiciable issue of either law or fact in this proceeding because petitioner failed to show facts necessary to sustain the pleadings. Petitioner presented no evidence refuting Respondent, Burke's, showing that the modifications required by DER were adequate to assure water quality and the public health, safety, or welfare, or the property of others. Evidence presented by Petitioner was not material to the issue of whether the modifications required by DER were adequate for the purposes of the law applicable to this proceeding. Therefore, Petitioner participated in this proceeding for a frivolous purpose, primarily to cause unnecessary delay, or to needlessly increase the cost of licensing or approval of the proposed activity.
In its final order of May 18, 1990, DER accepted the hearing officer's recommendation that the permit should issue. DER rejected, however, the recommendation that Burke be awarded attorney fees and costs under Section 120.59(6), Florida Statutes. The final order, in pertinent part, was as follows:
I fully recognize the deference that agencies must give to hearing officers in connection with proposed findings of fact, and I have accepted the Hearing Officer's findings in this case as to the conduct of Harbor Estates' representative and his assessment of the evidentiary case, such as it was, that she did put on. However, I am persuaded, based on my review of this case in light of the applicable law, that absent direct evidence of an improper purpose, such as a party's admission under oath that it brought the proceeding merely to harass a neighbor, the legal inference that would supply the connection between... incompetent representation by a party's lay representative and a finding of participation by that party for an improper purpose within the meaning of Section 120.59(6), Florida Statutes, is wholly or partially a conclusion of law. [emphasis added]
The final order also concluded that under the circumstances of this case, the imposition of attorney fees and costs was too harsh a sanction.
Section 120.59(6) governs the award of attorney fees to a prevailing party in a Section 120.57(1) proceeding and in pertinent part provides:
(b) The final order in a proceeding pursuant to s. 120.57(1) shall award costs and a reasonable attorney fee to the prevailing party only where the nonprevailing adverse party has been determined by the hearing officer to have participated in the proceeding for an improper purpose.
(c) In all proceedings pursuant to s. 120.57(1), the hearing officer shall determine whether any party, other than a party that is an agency, participated in the proceeding for an improper purpose as defined in this subsection... .
(d) In any proceeding in which the hearing officer determines that a party participated in the proceeding for an improper purpose, the recommended order shall so designate and shall recommend the award of costs and attorney fees.
(e) For the purpose of this subsection:
1. "Improper purpose" means participation in a proceeding pursuant to s. 120.57(1) primarily to harass or to cause unnecessary delay or for frivolous purpose or to needlessly increase the cost of licensing or securing the approval of an activity.
The statute is intended to shift the cost of participation in a Section 120.57(1) proceeding *1037 to the nonprevailing party if the nonprevailing party participated in the proceeding for an improper purpose. A party participates in the proceeding for an improper purpose if the party's primary intent in participating is any of four reasons, viz: to harass, to cause unnecessary delay, for any frivolous purpose,[1] or to needlessly increase the prevailing party's cost of securing a license or securing agency approval of an activity.
Whether a party intended to participate in a Section 120.57(1) proceeding for an improper purpose is an issue of fact. See Howard Johnson Company v. Kilpatrick, 501 So.2d 59, 61 (Fla. 1st DCA 1987) (existence of discriminatory intent is a factual issue); School Board of Leon County v. Hargis, 400 So.2d 103, 107 (Fla. 1st DCA 1981) (questions of credibility, motivation, and purpose are ordinarily questions of fact). The absence of direct evidence of a party's intent does not convert the issue to a question of law. Indeed, direct evidence of intent may seldom be available. In determining a party's intent, the finder of fact is entitled to rely upon permissible inferences from all the facts and circumstances of the case and the proceedings before him.
Factual issues to which the agency may not rightfully claim special insight are the prerogative of the hearing officer. Heifetz v. Department of Business Regulation, 475 So.2d 1277, 1281 (Fla. 1st DCA 1985); McDonald v. Department of Banking and Finance, 346 So.2d 569, 579 (Fla. 1st DCA 1977). DER made no claim in its final order of any special insight or expertise in determining whether a party participates in a Section 120.57(1) proceeding for an improper purpose. Accordingly, the issue of Harbor Estates' intent was for the hearing officer's determination.
The order sought to be reviewed accepts the hearing officer's findings as to the lay representative's conduct[2] but holds that the conduct described in the recommended order cannot, as a matter of law, evince an improper purpose as defined in Section 120.59(6), Florida Statutes. The agency's acceptance or rejection of the hearing officer's inference of improper purpose, however, is governed by Section 120.57(1)(b)10, Florida Statutes, which provides in pertinent part:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent, substantial evidence or that the proceedings on which the findings were based did not comply with the essential requirements of law.
An agency cannot circumvent the requirements of this statute by characterizing findings of fact as legal conclusions. Silver Sand Company of Leesburg, Inc. v. Department of Revenue, 365 So.2d 1090, 1093 (Fla. 1st DCA 1979).
We reject appellees' argument that a qualified lay representative in a Section 120.57 proceeding should be held to a lesser standard of conduct, as distinguished from legal competence, than a licensed attorney. Section 120.62(2), Florida Statutes, permitting qualified lay representatives to represent parties in administrative proceedings, provides no basis for holding such representatives to a lesser standard of conduct. A contrary rule would permit a party to insulate itself from the consequences of *1038 Section 120.59(6), Florida Statutes, by choosing lay representation.
The final order of DER is therefore reversed, and this cause is remanded for proceedings consistent herewith.
ZEHMER and WOLF, JJ., concur.
NOTES
[1] A frivolous purpose is one which is of little significance or importance in the context of the goal of administrative proceedings. Mercedes Lighting & Electrical Supply, Inc. v. Department of General Services, 560 So.2d 272, 278 (Fla. 1st DCA 1990).
[2] Despite acceptance of factual findings below, the final order characterizes the conduct of Harbor Estates' representative as mere "incompetent representation." We reject that characterization as not consistent with the hearing officer's findings and, therefore, do not here decide whether incompetent representation alone permits a finding of improper purpose.