639 So.2d 1028 (1994)
FLORIDA LEISURE ACQUISITION CORPORATION, Petitioner,
v.
FLORIDA COMMISSION ON HUMAN RELATIONS, and David Faison, Respondents.
No. 94-630.
District Court of Appeal of Florida, Fifth District.
July 8, 1994.
Loren E. Levy, Law Offices of Larry E. Levy, Tallahassee, and Bruce R. Kaster, of Green, Kaster & Falvey, P.A., Ocala, for petitioner.
Dana Baird, General Counsel, and Harden King, Asst. General Counsel, Tallahassee, for respondent, Florida Com'n on Human Relations.
No appearance for respondent, David Faison.
GRIFFIN, Judge.
Petitioner, Florida Leisure Acquisition Corporation ["Florida Leisure"] seeks review of a non-final order of the Florida Human Relations Commission ["FHRC"] rejecting a recommended order of a hearing officer of the Division of Administrative Hearings. The hearing officer found that Florida Leisure did not engage in a racially discriminatory employment practice when it terminated the employment of David Faison ["Faison"].
The liability and damages aspects of the case were bifurcated pursuant to stipulation of the parties. Florida Leisure asserts such bifurcation is "prevalent" in such discrimination cases. The hearing officer took evidence on the issue of whether Florida Leisure had engaged in a racially discriminatory employment practice and issued his recommended order. FHRC issued its order rejecting the "no discrimination" findings of the hearing officer[1] and ordered the case remanded to the hearing officer for an evidentiary hearing on damages.
Our threshold concern is whether there is jurisdiction to review this non-final administrative order. Florida Leisure has offered us a candid and lucid analysis of the jurisdictional issue, and we agree that jurisdiction lies in the district court of appeal to immediately review a non-final administrative order if review of the final agency action would not provide an adequate remedy. Fla. Const. Art. V, § 4(b)(2); Fla.R.App.P. 9.100(a), (c); § 120.68(1), Fla. Stat. (1993). Florida Leisure urges that because the proceeding was bifurcated, assertedly to foster *1029 the "conciliatory" purpose of Chapter 760, Florida Statutes, any limitation of review of the order finding discrimination until after the agency issues its final order would be inadequate:
Bifurcation is common in employment discrimination suits because it allows the parties initially to determine whether liability exists. If liability exists, the parties may attempt to agree upon some affirmative relief without the necessity of a time consuming and expensive damages proceeding. One of the powers of the commission is to seek to conciliate employment disputes. See 760.06(5), Fla. Stat. (1993).
Florida Leisure has not persuaded us, however, that it would be deprived of an adequate remedy if appellate review were delayed until after the final order determining all issues. The necessity of trying a case to conclusion before obtaining redress on appeal from an erroneous interlocutory ruling of the lower court does not make the remedy inadequate. See Deseret Ranches of Florida, Inc. v. St. Johns River Water Management Dist., 406 So.2d 1132 (Fla. 5th DCA 1981), aff'd in part, rev'd in part, 421 So.2d 1067 (Fla. 1982); Gordons Jewelry Co. of Florida, Inc. v. Feldman, 351 So.2d 1117 (Fla. 4th DCA 1977). A party burdened by an erroneous ruling in an administrative proceeding is no worse off than any civil litigant who has to await the final judgment before deciding whether to appeal an adverse interlocutory ruling. The parties are free to "conciliate" at any point no matter whether the interlocutory order at that moment controlling the proceedings is correct or erroneous; both sides will have to assess the chances that the interlocutory order will hold up on plenary appeal.
Florida Leisure has pointed out that the Florida Supreme Court has authorized interlocutory appeals in civil cases where the issues of liability and damages were bifurcated. Metropolitan Dade County v. Green, 596 So.2d 458 (Fla. 1992). The high court, however, did so based upon its interpretation of the appellate rule governing appeals of non-final orders in civil cases. See Fla. R.App.P. 9.130(a)(3)(C)(iv). Non-final administrative orders are not reviewable under that rule, however. Fla.R.App.P. 9.130(a)(1). Review is authorized pursuant to section 120.68(1), Florida Statutes, and Florida Rule of Appellate Procedure 9.100 and is limited to cases where review after entry of the final order is inadequate.
PETITION DENIED.
DAUKSCH, J., concurs.
COBB, J., concurs specially, with opinion.
COBB, Judge, concurring specially.
While I am forced to concur with the majority in regard to our certiorari jurisdiction in this matter, I do so reluctantly because the record before us amply demonstrates that, once again, the Florida Commission on Human Relations has rejected factual findings of its own hearing officer, even though such findings are supported by competent substantial evidence, and attempted to justify its action by mischaracterizing findings of fact as "conclusions of law." See, e.g., Florida Dep't of Community Affairs v. Bryant, 586 So.2d 1205 (Fla. 1st DCA 1991); National Industries, Inc. v. Comm'n on Human Relations, 527 So.2d 894 (Fla. 5th DCA 1988); Howard Johnson Co. v. Kilpatrick, 501 So.2d 59 (Fla. 1st DCA 1987); Brevard County Sheriff's Dep't v. Florida Comm'n on Human Relations, 429 So.2d 1235 (Fla. 5th DCA 1983); School Bd. of Leon County v. Hargis, 400 So.2d 103 (Fla. 1st DCA 1981).
The record in the instant case justifies reiteration of the observations of Judge Robert P. Smith, Jr. in Hargis:
We cannot escape the conviction that the Commission, in characterizing the actors' conduct as "racially premised," improperly invaded the factfinding function of the hearing officer.... However keen is the Commission's insight into the subtleties of racial discrimination within predominantly white institutions, we cannot permit the Commission to indulge itself within its own judgmental activity the same sinister habit it is the Commission's task to uproot from the judgments of others: that of making unarticulated, speculative, and uncomplimentary assumptions about the purposes, *1030 motives, and abilities of persons unseen, unheard, and unknown.
Hargis at 107.
In my view it is unfortunate that the petitioner here must be subjected to a hearing on damages before being afforded relief from the obstinate, not to say contemptuous, refusal of the Commission to recognize that discriminatory intent is a factual issue. National Industries, Inc., at 897. At least it should be noted that section 760.11(13), Florida Statutes (1993), which deals with judicial review of final orders of the Human Relations Commission, allows for the discretionary assessment of reasonable attorney's fees for the prevailing party against the administrative agency. See generally Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); E.E.O.C. v. Olson's Dairy Queen, Inc., 803 F. Supp. 1215 (S.D.Tex. 1991), rev'd in part, 989 F.2d 165 (5th Cir.1993).
NOTES
[1] The appealed order is styled: "Order Finding that an Unlawful Employment Practice Occurred; Remanding the Matter to the Hearing Officer for Determination of Monetary Damages, Attorneys' Fees and Costs."