799 So.2d 322 (2001)
David G. DeWITT, Appellant,
v.
The SCHOOL BOARD OF SARASOTA COUNTY, Florida, Appellee.
No. 2D01-261.
District Court of Appeal of Florida, Second District.
October 12, 2001.
*323 James E. Aker of Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for Appellant.
Arthur S. Hardy of Matthews, Eastmoore, Hardy, Crauwels & Garcia, P.A., Sarasota, for Appellee.
CAMPBELL, MONTEREY, (Senior) Judge.
David G. DeWitt appeals the final order of the School Board of Sarasota County ("School Board") which "dismissed as moot" the action initiated by the superintendent of schools of Sarasota County seeking to terminate him from his employment as an assistant principal in the Sarasota County school system for misconduct. The final order on appeal also "overruled as moot" the exceptions of the School Board to the recommended order of the Administrative Law Judge ("ALJ") assigned to the proceeding and denied Mr. DeWitt's request for attorney's fees.
We affirm the School Board's determination that reinstatement of Mr. DeWitt as recommended by the ALJ was not an available remedy and affirm the denial of Mr. DeWitt's request for attorney's fees. We reverse, however, the provisions of the final order of the School Board which provided that "this action is dismissed as moot" and which "overruled as moot" the exceptions of the School Board to the ALJ's recommended order.
Mr. DeWitt was employed by the School Board as an assistant principal at Riverview High School under a two-year contract that commenced on July 1, 1998. On February 17, 1999, the School Board notified Mr. DeWitt by letter that he was being suspended with pay pending the outcome of a sheriff's department investigation regarding his alleged sexual misconduct with students. On April 16, 1999, the School Board further notified Mr. DeWitt by letter that the superintendent of schools had determined that there was just cause to terminate his employment because of misconduct in office and that a *324 recommendation of termination would be made to the School Board.
Pursuant to sections 120.57, 120.569, and 231.36, Florida Statutes (1997), Mr. DeWitt contested the proposed termination by filing a petition for a hearing before the Division of Administrative Hearings on April 30, 1999. The matter was assigned to an ALJ who held hearings on November 1-5, 1999, and March 27-31, 2000. By transmittal letter dated October 27, 2000, the ALJ submitted to the School Board his recommended order containing 178 pages. In that order, the ALJ concluded that the School Board had failed to establish by a preponderance of the evidence any of the allegations of misconduct with which Mr. DeWitt was charged. As a result, the ALJ's ultimate recommendation was "that the School Board enter a final order dismissing the charges against Respondent [Mr. DeWitt] and reinstating Respondent as an assistant principal with the Sarasota County School Board." The School Board filed exceptions to the recommended order seeking to sustain the allegations of misconduct. Mr. DeWitt filed exceptions to the recommended order and requested payment of his attorney's fees.
The School Board directed the parties to address by memoranda whether the relief of reinstatement recommended by the ALJ was moot because the contract under which Mr. DeWitt had been employed had expired by its own terms on June 30, 2000, prior to the ALJ's recommended order of October 27, 2000; because Mr. DeWitt had been suspended with pay and therefore paid in full under the terms of his contract; and because Mr. DeWitt had no right to a renewal of his employment contract under the provisions of section 231.36, as he was not a member of instructional staff but was employed as an assistant principal. Upon receipt and consideration of the memoranda of the parties, the School Board entered its final order.
We agree that the relief of reinstatement is not available to Mr. DeWitt. His contract expired on June 30, 2000, he was paid in full according to the terms of his contract, and he was not entitled of right to a renewal of his contract. We disagree, however, with the final order of the School Board that ordered "this action is dismissed as moot," and that the exceptions of the School Board were overruled as "moot." The recommended order of the ALJ was that "the charges against the Respondent" should be dismissed because the allegations of misconduct were found not to have been sustained. The School Board's order that "this action is dismissed as moot" (emphasis supplied) does not in our opinion equate to a dismissal of the charges against Mr. DeWitt.
The actions that an agency may take in response to a recommended order are provided in section 120.57(1)(l), Florida Statutes (2000):
(l) The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction. When rejecting or modifying such conclusion of law or interpretation of administrative rule, the agency must state with particularity its reasons for rejecting or modifying such conclusion of law or interpretation of administrative rule and must make a finding that its substituted conclusion of law or interpretation of administrative rule is as or more reasonable than that which was rejected or modified. Rejection or modification of conclusions of law may not form the basis for rejection or modification of findings of fact. The agency *325 may not reject or modify the findings of fact unless the agency first determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept the recommended penalty in a recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.
Pursuant to the above, we conclude that the School Board must either adopt the findings and conclusions (but not the relief) of the recommended order, or in response to the exceptions filed, reject or modify those findings and conclusions.
A dismissal of the action because of mootness does not adequately dispose of the charges brought against Mr. DeWitt because those charges left undisposed could have collateral consequences to Mr. DeWitt. See Godwin v. State, 593 So.2d 211 (Fla.1992); Keezel v. State, 358 So.2d 247 (Fla. 4th DCA 1978).
We therefore affirm the School Board's refusal to reinstate Mr. DeWitt because his contract had expired and he had been fully paid according to its terms. We are not required, nor do we require others, to perform a useless act if it is impossible to grant effectual relief. Williams v. State, 529 So.2d 366 (Fla. 2d DCA 1988); McConnell v. State, 513 So.2d 1077 (Fla. 2d DCA 1987); Bumey v. State, 402 So.2d 38 (Fla. 2d DCA 1981); Kocsis v. State, 467 So.2d 384 (Fla. 5th DCA 1985); Boston v. State, 411 So.2d 1345 (Fla. 1st DCA 1982). We reverse the failure of the final order to dispose of the recommended order and the charges against Mr. DeWitt as required by section 120.57(1)(l) and remand for appropriate action in accord with this opinion.
Affirmed in part, reversed in part, and remanded.
FULMER, A.C.J. and DAVIS, J., Concur.