823 So.2d 823 (2002)
Mark Franklin PRYSI, M.D., Appellant,
v.
DEPARTMENT OF HEALTH, Appellee.
No. 1D01-2883.
District Court of Appeal of Florida, First District.
August 12, 2002.
*824 Bruce M. Stanley and Michael A. Pohl, of Henderson, Franklin, Starnes & Holt, P.A., Ft. Myers, for Appellant.
Lisa Pease, Senior Appellate Attorney, Tallahassee, for Appellee.
BROWNING, J.
Dr. Mark Prysi (Appellant) appeals the Final Order of Appellee, the Department of Health (the Department). Appellant argues the Department reversibly erred by: (1) rejecting findings of fact contained in the Administrative Law Judge's (ALJ) Recommended Order where the findings were supported by competent, substantial evidence; (2) improperly treating findings of fact as conclusions of law; and (3) imposing penalty (although the ALJ did not recommendpenalty) without stating its reasons with particularity. The Department argues its rejection of the contested findings of fact complied with the requirements of section 120.57(1)(l), Florida Statutes; and because the ALJ did not recommend a penalty, the Department's imposition of a penalty did not "increase" the recommended penalty, so that the Department was not required to comply with section 120.57(1)(l). We agree with Appellant and reverse.
Appellant was charged with violating sections 458.331(1)(f) and (w), Florida Statutes (2000), by instructing his nurse to sign her name and his to pre-printed prescriptions he ordered for a patient. These sections prohibit the "aiding, assisting, procuring, or advising any unlicenced person to practice medicine," and "delegating professional responsibilities" when the licensee knows the person to whom he or she is delegating such responsibilities is unqualified. Id.
At the hearing, the testimony of Appellant, his nurse, and the Department's physician expert was taken. The ALJ entered a Recommended Order finding, in pertinent part, that Appellant did not delegate to his nurse any medical discretion concerning the care of his patient. Appellant alone determined the type of medication, administration, strength, and other particulars of the prescription, and *825 his nurse acted merely as an "extended agent" or scribe for Appellant. The ALJ further found nurses' signatures on written prescriptions were part of office procedure implemented by Appellant's superior; and thus, outside of Appellant's control. The conclusion of law challenged by the Department provided that part of the testimony of the Department's expert was legally irrelevant because it addressed Appellant's failure to sign the written prescription in the context of section 893.04(1)(b), Florida Statutes; and Appellant was not charged under that statute. However, the ALJ concluded, based on relevant portions of the expert's testimony, that when a nurse carries out a physician's orders, the physician does not delegate the practice of medicine or delegate professional responsibilities to an unqualified person. The ALJ concluded Appellant did not violate sections 458.331(1)(f) and (w), Florida Statutes, and recommended the complaint against Appellant be dismissed.
The Department filed exceptions to the Recommended Order, in effect, on grounds that the ALJ ignored competent, substantial evidence that supported the Department's position, and it recited the "ignored" evidence. In its Final Order, the Department "accepted" its exceptions "for the reasons stated by Petitioner," and adopted and incorporated by reference the findings of fact and conclusions of law contained in the Recommended Order, "with the modifications set forth above." The Final Order stated it rejected the nopenalty recommendation by the ALJ, and imposed a $1,000.00 penalty without giving reasons. In so doing, the Department erred.
"Factual inferences are to be drawn by the [ALJ] as trier of fact." Heifetz v. Dep't of Bus. Reg., Div. of Alcoholic Beverages & Tobacco, 475 So.2d 1277, 1283 (Fla. 1st DCA 1985). An agency is not authorized to weigh evidence, judge credibility, or otherwise interpret the evidence to fit its desired conclusion. Id. at 1281; Greseth v. Dep't of Health & Rehab. Serv., 573 So.2d 1004 (Fla. 4th DCA 1991). An ALJ's findings cannot be rejected unless there is no competent, substantial evidence from which the findings could reasonably be inferred. Heifetz, 475 So.2d at 1281; Dep't of Bus. & Profl Reg. v. McCarthy, 638 So.2d 574 (Fla. 1st DCA 1994).
When an agency rejects conclusions of law contained in a recommended order, it must state with particularity its reasons for so doing and make a finding that its substituted conclusion of law is as, or more, reasonable than that which was rejected or modified. § 120.57(1)(l), Fla. Stat. (2000); DeWitt v. Sch. Bd. of Sarasota County, 799 So.2d 322 (Fla. 2nd DCA 2001). Also, an agency may not reject or modify findings of fact unless it determines from a review of the entire record, and states with particularity in the order, that the findings of fact were not based upon competent, substantial evidence or the proceedings on which the findings were based did not comply with the essential requirements of law. § 120.57(1)(l), Fla. Stat.; DeWitt, 799 So.2d at 325. When an agency merely states its conclusion that the ALJ's rejected findings are not supported by competent, substantial evidence, it violates the statutory requirement that it state valid reasons for rejecting the findings with particularity. Hoover v. Agency for Health Care Admin., 676 So.2d 1380 (Fla. 3d DCA 1996). Where an agency's final order rejects the ALJ's factual findings and simply accepts the factual findings set forth in exceptions to the recommended order, the order fails to "state with particularity" those findings it rejected. Kibler v. Dep't of Profl Reg., 418 *826 So.2d 1081, 1082 (Fla. 4th DCA 1982). While an agency may accept a recommended penalty in a recommended order, it may not reduce or increase it without a review of the complete record, stating its reasons with particularity, and citing to the record. § 120.57(1)(l), Fla. Stat.; Perdue v. T.J. Palm Assoc., Ltd., 755 So.2d 660, 665 (Fla. 4th DCA 1999); Schrimsher v. Sch. Bd. of Palm Beach County, 694 So.2d 856, 860 (Fla. 4th DCA 1997); Pillsbury v. Dep't of Health & Rehab. Serv., 705 So.2d 32 (Fla. 2d DCA 1997). Reversal is required when an agency increases a recommended penalty without stating its reasons with particularity. Shah v. Dep't of Health, 804 So.2d 615 (Fla. 1st DCA 2002).
Here, the Department's Final Order fails to comply with the statutory requirements of section 120.57(1)(l), because it fails to "state with particularity" its reasons for rejecting the ALJ's findings of fact and conclusion of law; fails to state the ALJ's findings were not supported by competent, substantial evidence or that the proceedings upon which the findings were based did not comply with essential requirements of law; fails to state its substituted conclusion of law is as, or more, reasonable than the one rejected; and fails to state with particularity its reasons for increasing the penalty imposed on Appellant. Even if the Final Order met the statutory requirements of stating with particularity its reasons for rejecting the ALJ's findings, the Final Order must be reversed because our review of the record reveals the ALJ's rejected findings are supported by competent, substantial evidence.
Accordingly, the Final Order is REVERSED, and the case REMANDED for adoption of the Recommended Order. Reese v. Dep't of Prof'l Regulation Bd. of Med. Exam'rs, 471 So.2d 601, 602 (Fla. 1st DCA 1985).
BOOTH and POLSTON, JJ., concur.