KAHN, J.
This appeal arises from appellant Dr. Perry V. Verleni’s administrative challenge to the scoring of Part III of the December 2000 National Board of Podiatric Medical Examiners (NBPME) licensure examination. Appellee Florida Department of Health, Board of Podiatric Medicine (Board) rejected the findings of fact in the recommended order issued by the Division of Administrative Hearings. Dr. Verleni argues that 1) the Board violated the law by rejecting the hearing officer’s use of a question-by-question analysis; 2) the Board lacked substantive jurisdiction to reject a question-by-question analysis; 3) the Board abused its discretion by interpreting the evidence to fit its desired conclusions and by recharacterizing factual findings as conclusions of law; and 4) the *483 Board exceeded its statutory authority by rejecting findings of fact without stating with particularity why the findings were not based on competent substantial evidence. Because we reverse on points 1, 3, and 4, we find no need to address the question of substantive jurisdiction.
A candidate for licensure as a podiatrist in the State of Florida, must apply for, take, and pass the NBPME licensure examination. See § 456.013, Fla. Stat. (2000); Fla. Admin. Code R. 64B18-11.001. The Board, pursuant to statute and rule, contracts with NBPME to administer and grade the NBPME licensure examination. See § 456.017, Fla. Stat. (2000); Fla. Admin. Code R. 65B-1.008, 65B-1.011. The exam consists of 150 multiple choice questions. To pass, candidates need to achieve a scaled score of 75. On December 6, 2000, Dr. Verleni sat for Part III of the licensure examination. He failed the exam, needing one additional scaled point, or two more correct questions, to pass. Dr. Verleni timely challenged twenty-two of the forty questions he answered incorrectly.
On December 10 and 11, 2001, a section 120.57 evidentiary hearing took place before Administrative Law Judge Ella Jane Davis. On March 15, 2002, Judge Davis issued a recommended order finding defective six of the challenged questions, and recommending Dr. Verleni be given credit for those six questions and, as a result, a passing score on the exam. The Department of Health (Department) filed exceptions to the recommended order and a telephonic hearing was held before the Board on April 26, 2002. The Board, with very little discussion, voted to adopt the Department’s exceptions to the recommended order including exceptions to numerous findings of fact. The Board then found that Dr. Verleni had failed the examination.
When an agency rejects the findings of fact in a recommended order, it must state with particularity that the findings are not based on competent substantial evidence. See § 120.57(l)(i), Fla. Stat. (2000); Prysi v. Dep’t of Health, 823 So.2d 823 (Fla. 1st DCA 2002); Kibler v. Dep’t of Prof'l Reg., 418 So.2d 1081 (Fla. 4th DCA 1982). An agency fails to comply with this requirement where it simply accepts the findings set out in exceptions to the recommended order. See Prysi, 823 So.2d at 825-26; Kibler, 418 So.2d at 1082. Here, the Board voted to find, contrary to Judge Davis’ findings, that no competent substantial evidence existed to show the exam was administered and graded arbitrarily and capriciously. Rather than discuss the factual findings, the Board voted to accept, as its own findings, the exceptions set out in the Department’s exceptions to the recommended order. This was improper. See Prysi, 823 So.2d at 825-26; Kibler, 418 So.2d at 1082.
Perhaps seeking to correct its error, but misstepping further, the Board entered a written final order failing to reflect the vote entered at the hearing adopting the Department’s exceptions to the recommended order. The final order states, contrary to the Board’s vote, the “factual findings challenged by [the Department] ... are not specifically overruled.” Oral pronouncements of an agency at a duly noticed hearing control over a written order which is inconsistent with those pronouncements. Cf., e.g., Ulano v. Anderson, 626 So.2d 1112 (Fla. 3d DCA 1993) (“Reversal is required where a final judgment is inconsistent with a trial court’s oral pronouncements.”).
Beyond the normal rule requiring that a written order reflect the tribunal’s earlier pronouncements, three specific considerations lead to reversal here. First, all meetings of the Board are public *484 meetings subject to notice requirements. See §§ 120.525(1), 286.011(1), Fla. Stat. (2000); see also Lyon v. Lake County, 765 So.2d 785 (Fla. 5th DCA 2000), review denied 790 So.2d 1105 (Fla.2001). “No resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.” § 286.011(1), Fla. Stat. (2000). Next, due process requires reasonable notice and an opportunity to be heard. See Friends of the Everglades, Inc. v. Bd. of County Comm’rs of Monroe County, 456 So.2d 904 (Fla. 1st DCA 1984). Individuals have a right to the fair administration of the rules regulating the granting of licenses. See Fraternal Order of Police, Metropolitan Dade County, Lodge No. 6 v. Dep’t of State, 392 So.2d 1296 (Fla.1981); K.M.T. v. Dep’t of Health & Rehab. Servs., 608 So.2d 865 (Fla. 1st DCA 1992). Finally, chapter 120, Florida Statutes, requires notice of any hearing which affects the substantial interests of a party. See § 120.569, Fla. Stat. (2000).
Here, the Department sent a Notice of Hearing to Dr. Verleni on March 22, 2002, stating that his case would be presented to the Board for a Final Order on April 26, 2002, and that “a failure to appear could result in a waiver of your opportunity to be heard in this matter.” Dr. Verleni attended the meeting, and his counsel was given an opportunity to be heard. By entering a written final order which conflicts with its oral pronouncement, however, the Board violated Dr. Verleni’s due process rights because he was not given the opportunity to object to or address the findings and conclusions in the written final order. See, e.g., Maddox v. State, 760 So.2d 89 (Fla.2000). Nothing in this record sheds light on the genesis of the eventual written order.
Additionally, the written final order recasts the hearing officer’s factual findings as legal conclusions. “An agency cannot circumvent the requirements of [section 120.57(1), Florida Statutes,] by characterizing findings of fact as legal conclusions.” Dep’t of Labor & Employment Sec. v. Little, 588 So.2d 281 (Fla. 1st DCA 1991); see also § 120.57(1)(Z), Fla. Stat. (2000). Accordingly, we also reverse based on the improper actions of the Board in its written final order.
The Board failed to properly reject the findings of fact in the recommended order when it adopted the Department’s exceptions without discussion, failed to set out a written final order reflecting the vote, and then, in the written final order, improperly recast the findings of fact as conclusions of law. Dr. Verleni’s motion for attorney’s fees and costs on this appeal must be granted. See § 120.595(5), Fla. Stat. (2000).
We REVERSE the final order and REMAND with instructions to enter an order finding that Dr. Perry V. Verleni be deemed to have passed the December 2000 NBPME licensure examination, Part III, and is eligible to register as a podiatrist licensed by the State of Florida.
VAN NORTWICK and BROWNING, JJ., concur.