932 So.2d 294 (2005)
Sheridan FORD, Appellant,
v.
AGENCY FOR PERSONS WITH DISABILITIES DISTRICT 15, ST. LUCIE, Appellee.
No. 4D05-611.
District Court of Appeal of Florida, Fourth District.
November 30, 2005.
*295 William N. Swift of William N. Swift, P.A., Palm City, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Charles M. Fahlbusch, Senior Assistant Attorney General, Fort Lauderdale, for appellee.
GROSS, J.
This case concerns the appealability of a hearing officer's non-final order denying appellant Sheridan Ford's motion to transfer matters set before a hearing officer in the Office of Appeal Hearings, Department of Children and Families, to the Division of Administrative Hearings. Upon closer examination[1] of this case, we dismiss the appeal for lack of appellate jurisdiction.
Deidre Sabo, on behalf of her daughter Sheridan Ford, applied for Medicaid residential rehabilitation benefits administered by the Department of Children and Families. By a letter dated October 7, 2004, Ford received notification from the Department of Children and Families that her residential support services were being terminated because "no medical necessity for [the] service or level of service has been demonstrated as required by Rule 59G-1.010(166), FAC."
Ford timely appealed the Department's action. Her request for a "fair hearing" was received by the Office of Appeal Hearings, a division of the Department of Children and Families. On December 8, 2004, *296 the Office of Appeal Hearings notified the parties of its intention to hear the matter.
On December 15, 2004 Ford filed a "Motion to Transfer the Case to the Division of Administrative Hearings." The motion alleged that Ford could not obtain a fair and impartial hearing before a hearing officer for three reasons.
First, Ford contended that the relationship between hearing officers and the Department of Children and Families gave rise to a conflict of interest, detrimental to a fair hearing. Ford argued that the conflict of interest arose because: 1) the hearing officers are employed by the Inspector General of the Department of Children and Families Services, who is required to report to the Secretary of the Department of Children and Families; 2) the hearing officers work in the same building with the Department of Children and Families; and 3) the hearing officers have numerous contacts with other employees of the Department of Children and Families.
Second, Ford asserted that there was an "appearance of impropriety concerning the ability of the hearing officers to objectively weigh the testimony of DCF employees." Ford submitted that in 2002/2003 thirteen hearing officers completed 6,472 cases, meaning that hearing officers had many of the same Department employees appearing before them, so that the hearing officers and employees developed personal relationships that vitiated the hearing officers' objectivity.
Third, Ford argued that non-attorney hearing officers are not qualified to rule on traditional legal issues.
The hearing officer denied the motion to transfer and Ford took this appeal.
Florida Rule of Appellate Procedure 9.130, which permits interlocutory review of non-final orders in civil cases, does not apply to administrative orders. See Fla. Leisure Acquisition Corp. v. Fla. Comm'n on Human Relations, 639 So.2d 1028, 1029 (Fla. 5th DCA 1994). Furthermore, appellate review of preliminary, procedural, or intermediate administrative orders is limited. Section 120.68(1), Florida Statutes (2004), provides:
[a] party who is adversely affected by final agency action is entitled to judicial review. A preliminary, procedural, or intermediate order of the agency or of an administrative law judge of the Division of Administrative Hearings is immediately reviewable if review of the final agency decision would not provide an adequate remedy.
"Final agency action" within the meaning of the statute is "that which brings the administrative adjudicative process to a close." Hill v. Div. of Ret., 687 So.2d 1376, 1377 (Fla. 1st DCA 1997). "`The test to determine whether an order is final or interlocutory in nature is whether the case is disposed of by the order....'" Id. (quoting Prime Orlando Props., Inc. v. Dep't of Bus. Regulation, 502 So.2d 456, 459 (Fla. 1st DCA 1986)). Because the order on appeal does not dispose of the case, but rather, allows for further proceedings before the hearing officer, it is not a "final agency action" entitling Ford to judicial review.
Concerning the alternative basis for jurisdiction under section 120.68(1), Ford has not persuaded us that she would be deprived of an adequate remedy if appellate review of her disqualification issues was delayed until after a final order determining all issues. "The necessity of trying a case to conclusion before obtaining redress on appeal from an erroneous interlocutory ruling of [the hearing officer] does not make the remedy inadequate." Fla. Leisure Acquisition, 639 So.2d at 1029. "A party burdened by an erroneous ruling in an administrative proceeding is no *297 worse off than any civil litigant who has to await the final judgment before deciding whether to appeal an adverse interlocutory ruling." Id.
The appeal is dismissed.
GUNTHER and HAZOURI, JJ., concur.
NOTES
[1] A motions panel of this court, which is different than this merits panel, issued a preliminary order accepting jurisdiction.