WETHERELL, J.
Appellants, a certified residential real estate appraiser and a registered trainee appraiser, seek review of the final order entered by the Florida Real Estate Appraisal Board (Board) finding them guilty of four statutory and rule violations and imposing probation and administrative fines. Appellants raise a number of issues on appeal, including an argument that the Board erred in finding them guilty of the three violations that the Administrative Law Judge (ALJ) found not to have been proven. We agree with Appellants on this issue and, thus, reverse the final order and remand for further proceedings consistent with this opinion. We affirm all of the other issues raised by Appellants.
The Department of Business and Professional Regulation, Division of Real Estate (Division), issued an eight-count administrative complaint alleging that Appellants committed various statutory and rule violations related to a residential real estate appraisal that they conducted in March *317 2007. The alleged violations included Appellants’ failure to retain appraisal reports and supporting data for at least five years in violation of section 475.629, Florida Statutes (2006) (count II); failure to maintain supporting data in a work file in violation of the Ethics Recordkeeping Rule of the Uniform Standards of Professional Appraisal Practice (2006) * (hereinafter “US-PAP”) and section 475.624(14), Florida Statutes (2006) (count V); failure to record in the appraisal report non-misleading and sufficient information for the intended users to understand the report in violation of USPAP Standards Rule 2-l(a) and (b) and section 475.624(14) (count VII); and failure to document in the summary appraisal report the information analyzed, the appraisal methods and techniques used and the reasoning supporting the analyses, opinions and conclusions in violation of US-PAP Standards Rule 2 — 2(b)(viii) and section 475.624(14) (count VIII). Appellants disputed the allegations in the administrative complaint, and a formal hearing was held before an ALJ.
The ALJ issued a recommended order finding Appellants guilty of only the recordkeeping violation charged in count V. The ALJ recommended a reprimand for this violation. The ALJ recommended that the Board dismiss the remaining counts of the administrative complaint because those alleged violations had not been proven by clear and convincing evidence.
Both parties filed exceptions to the recommended order. The final order issued by the Board rejected Appellants’ exceptions and adopted the Division’s exceptions verbatim. The Board adopted the ALJ’s finding of guilt on count V, and also found Appellants guilty of the violations alleged in counts II, VII, and VIII. The Board rejected the reprimand penalty recommended by the ALJ and instead imposed one year of probation plus administrative fines. Appellants timely appealed the final order to this court.
Appellants raise a number of issues on appeal, only one of which merits discussion: whether the Board erred in finding Appellants guilty of counts II, VII, and VIII. We affirm the other issues raised by Appellants without further comment, including the finding of guilt on count V.
Count II of the administrative complaint charged Appellants with violating section 475.629, Florida Statutes, which provides:
An appraiser registered, licensed, or certified under this part shall retain, for at least 5 years, original or true copies of any contracts engaging the appraiser’s services, appraisal reports, and supporting data assembled and formulated by the appraiser in preparing appraisal reports. The period of retention of the records applicable to each engagement of the services of the appraiser runs from the date of the submission of the appraisal report to the client. These records must be made available by the appraiser for inspection and copying by the department on reasonable notice to the appraiser. If an appraisal has been the subject of or has served as evidence for litigation, reports and records must be retained for at least 2 years after the trial.
The ALJ interpreted this statute as addressing only the retention period for the work file, not the quality or completeness of the file. However, the Board interpret *318 ed the statute to require that an appraiser have the requisite supporting data assembled and formulated by the appraiser in the work file and retain such data in the work file for five years.
Section 120.57(1)(Z), Florida Statutes, provides that the Board “in its final order may reject or modify the conclusions of law over which it has substantive jurisdiction and interpretation of administrative rules over which it has substantive jurisdiction.” The Board must state particular reasons for rejecting or modifying the conclusion of law and must find that its substituted conclusion is as or more reasonable than that which was rejected or modified. Id. This court defers to the agency’s interpretation of a statute it is charged with administering so long as the interpretation is not clearly erroneous and is supported by substantial competent evidence. See Kessler v. Dep’t of Mgmt. Servs., 17 So.3d 759, 762 (Fla. 1st DCA 2009).
The Board’s interpretation of section 475.629 is clearly erroneous. The statute requires an appraiser only to retain the data and records that are actually present in the work file for the requisite five-year period; it does not address the adequacy of the information present in the file. The statute cannot be logically interpreted to require an appraiser to retain records that were never part of the work file and may not even be in existence, but that is clearly the effect of the interpretation advocated by the Division and adopted by the Board. Although, as in this case, an incomplete or inadequate work file may constitute a violation of the USPAP Ethics Recordkeep-ing Rule, it does not also constitute a violation of section 475.629. Accordingly, the Board erred in rejecting the ALJ’s more reasonable interpretation of the statute, and because there was no evidence that Appellants failed to retain all of the records that were present in their work files for the requisite period, the Board erred in finding Appellants guilty of violating section 475.629, as alleged in count II of the administrative complaint.
Count VII of the administrative complaint charged Appellants with violating USPAP Standards Rule 2-1, which provides in pertinent part: “Each written or oral real property appraisal report must: (a) clearly and accurately set forth the appraisal in a manner that will not be misleading; (b) contain sufficient information to enable the intended users of the appraisal to understand the report properly.” The ALJ found several errors and omissions in the appraisal report, but he concluded that the errors and omissions did not affect the accuracy or credibility of the appraisal, and that even with the errors and omissions, the appraisal report was not misleading and contained sufficient information for the intended users to understand the report. The Board adopted the ALJ’s factual findings, but rejected his ultimate conclusion regarding the adequacy of the appraisal report.
Although labeled in the recommended order as a conclusion of law, the ALJ’s determinations that the appraisal report was not misleading or insufficient were actually factual findings. See, e.g., Beckett v. Dep’t of Fin. Servs., 982 So.2d 94, 99 (Fla. 1st DCA 2008) (noting that a finding regarding whether a person had violated a statutory provision was a factual finding); Gross v. Dep’t of Health, 819 So.2d 997, 1003 n. 8 (Fla. 5th DCA 2002) (citing numerous cases for the proposition that “the issue of whether an individual violated a statute or deviated from a standard of care is generally an issue of fact to be determined by the [ALJ] based on the evidence and testimony”). These findings are not infused with policy considerations, but rather are susceptible to ordinary methods of proof and, thus, the Board *319 was not permitted to reject these findings unless they were not supported by competent substantial evidence. § 120.57(l)(i), Fla. Stat.; see also Verleni v. Dep’t of Health, 853 So.2d 481, 483 (Fla. 1st DCA 2003) (reversing final order that adopted findings set out in exceptions to the recommended order contrary to the ALJ’s findings that were supported by competent substantial evidence). Competent substantial evidence exists in the record to support the ALJ’s factual findings concerning the sufficiency of the appraisal report, and in determining that Appellants violated the requirements of Standards Rule 2-1, the Board improperly reweighed the evidence and substituted its own findings of facts for those of the ALJ. Accordingly, the Board erred in finding Appellants guilty of count VII of the administrative complaint.
Count VIII of the administrative complaint charged Appellants with violating USPAP Standards Rule 2-2(b)(viii), which provides in pertinent part:
(b) The content of a Summary Appraisal Report must be consistent with the intended use of the appraisal and, at a minimum:
[[Image here]]
(viii) summarize the information analyzed, the appraisal methods and techniques employed, and the reasoning that supports the analyses, opinions, and conclusions; exclusion of the sales comparison approach, cost approach, or income approach must be explained;....
The Board rejected the ALJ’s finding that the summary report met these minimum requirements. In doing so, the Board improperly reweighed the evidence and substituted its judgment for the findings made by the ALJ regarding the adequacy of the information summarized and explained in the appraisal report. As was the case with count VII, competent substantial evidence supports the ALJ’s determination that the appraisal report met the requirements in Standards Rule 2 — 2(b)(viii) despite the errors and omissions found by the ALJ. Accordingly, the Board erred in finding Appellants guilty of count VIII.
The final order states that the Board’s decision to reject the ALJ’s recommended penalty was based “primarily” on its determination that the violations were more than just the recordkeeping deficiencies established in count V. Because we conclude that the Board erred in finding Appellants guilty of the additional violations in counts II, VII and VIII, leaving only the guilty finding for the recordkeeping deficiencies, it follows that the penalty imposed by the Board must be reversed and remanded for further consideration. On remand, the Board “may accept the recommended penalty in [the] recommended order, but may not reduce or increase it without a review of the complete record and without stating with particularity its reasons therefor in the order, by citing to the record in justifying the action.” § 120.57(l)(i), Fla. Stat.; see also Werner v. State, Dep’t of Ins. & Treasurer, 689 So.2d 1211 (Fla. 1st DCA 1997) (reversing and remanding for reevaluation of penalty as the imposed penalty relied upon violations which had not been proven).
Accordingly, the final order is REVERSED and this case is REMANDED to the Board for further proceedings consistent with this opinion.
WOLF and DAVIS, JJ., concur.

 The 2006 version of the USPAP was in effect at the time of the appraisal at issue in this case. See Fla. Admin. Code R. 61J1-9.001, as amended Aug. 29, 2006. We find no merit to Appellants’ contention that the Board should have applied the 1991 version of the USPAP, rather than the 2006 version.