ROBERTS, C.J.
The Appellant, Joyce Quiller, appeals a final order of dismissal entered against her by the Appellee, the Duval County School Board. The Appellant argues that the Board erred in rejecting the Administrative Law Judge’s recommendation that the Board follow the disciplinary process agreed to in the collective bargaining agreement signed by the Board and the Duval County Teachers’ Union. We agree.
The collective bargaining agreement agreed to by the Union and the Board provided for the following progressive discipline structure:
Progressive Discipline Policy
1. The following progressive steps must be followed in administering discipline, it being understood, however, that some more severe acts of misconduct may warrant circumventing the established procedure.
a. Verbal Reprimand
b. Written Reprimand
c. Suspension without Pay
d. Termination
Here, after receiving complaints from students and parents that the Appellant was using profanity in front of the students, the Board began its discipline of the Appellant with a step one verbal reprimand that was then followed by a step two written reprimand. However, rather than moving to step three of the policy after receiving an additional complaint, the Board moved to step four and terminated the Appellant’s employment. The Appellant appealed her termination, and after a hearing, the Administrative Law Judge (ALJ) found that because there was no evidence of “severe acts of misconduct” as contemplated in the agreement, the Board should not have skipped step three of the policy. The ALJ recommended that the *746 Board rescind its termination of the Appellant and enter a final order suspending the Appellant for a period of time without pay. The Board adopted the ALJ’s findings of fact and conclusions of law. However, it rejected the ALJ’s recommendation and entered a final order terminating the Appellant.
Under section 120.57(1)(l), the School Board could reject the ALJ’s recommendation, but in doing so, it had to review the complete record and cite with particularity its reasons for doing so. § 120.57(1)(l), Fla. Stat. (2014); Prysi v. Dep’t of Health, 823 So.2d 823, 826 (Fla. 1st DCA 2002) (finding that reversal is required when an agency increases a recommended penalty without stating its reasons with particularity) (citing to Shah v. Dep’t of Health, 804 So.2d 615 (Fla. 1st DCA 2002)). Here, the Board’s reasons for rejecting the ALJ’s recommendation appear to be that the use of profanity was not understandable, the Appellant was unprofessional, and the Appellant’s actions hurt the students because they decreased her effectiveness. While these may be sufficiently particular reasons for rejecting the ALJ’s recommendation, the progressive disciplinary policy mandated that the Board was required to follow progressive steps in administering discipline unless a severe act of misconduct warranted circumventing the steps. The ALJ found that using profanity in front of students was not a severe act of misconduct. The Board adopted this conclusion of law. As such; the Board’s rejection of the ALJ’s recommendation was not in compliance with the collective bargaining agreement. We reverse with instructions for the Board to adopt the ALJ’s recommended penalty.
REVERSED and REMANDED.
WETHERELL, J., concurs; OSTERHAUS, J., concurs in part with opinion.